May 4, 1863.

# SUPREME COURT.

### JOHN MONTGOMERY *vs.* DANIEL MONTGOMERY.

As the profession of the law is practiced in the Courts of this Kingdom, the same person often performing the duties of attorney and advocate, a reasonable compensation for services rendered should be awarded.

The withdrawal of a counsel, during the progress of the cause, by mutual accord, does not justify the client in refusing to pay the retainer.

An agent, holding himself out as a principal, incurs the liability to the same extent as if he was principal.

ALLEN, C. J.

This is an action of assumpsit, for work, labor and professional services as attorney, solicitor and counsellor at law; and the plaintiff, *pro se*, and the defendant by his counsellor, have submitted the case to the decision of the Court, without the intervention of a jury.

John Montgomery *vs.* Daniel Montgomery.

The bill of particulars sets forth certain services rendered by the plaintiff for the defendant before the Police Court, all which were proved, and the amounts charged are regarded as reasonable ; but it is contended that these services were performed for the Puuloa estate, and therefore the defendant, acting as agent, is not liable.   It is in evidence that there has been a decree of the Court ordering the defendant to re-convey the estate and render an account, as it was adjudged that he was the agent.   It further appears that during the period in which the services were rendered, the defendant held himself out as the owner of the estate, and did not make known that he was acting in the capacity of an agent.

The rule of law is very clear, that when one employs another to perform services for himself, and does not make known that he is acting for another, he incurs a liability for the service. From all the evidence in the case, it, is very clear that the defendant employed the plaintiff on his own account, claiming, as he did, the whole estate.   That he did not succeed in retaining it, is no legal reason that he should be exonerated from liability for service which he had employed.   If a man is in fact agent, but conceals the fact, and holds himself out as principal, he incurs the liability to the same extent as if he was principal. The credit is given to him, and although he may have deceived the person with whom he was negotiating, by representing himself as owner of an estate, and thereby enhancing his credit, it furnishes no good reason for exonerating him from the liability.   A man must be held to the responsibility which he assumes.   In this case, it is very clear that the defendant assumed that of principal, and therefore he must fulfill it.

The next charge is as follows :

"To my retainer to act for you in the defense of the bill in chancery, alleging that you were trustee for plaintiff in the Puuloa estate, and praying a decree to that effect, and delivering of possession of the estate to the plaintiff, and attendance on you in that capacity for several months in preparing materials for your defense, and in preparing draft of your answer, and for fair copy for the perusal of my associate counsel, and discussing the case with them, and afterwards engrossing answer to be signed, sworn and filed, and also in taking testimony, in all

John Montgomery *vs.* Daniel Montgomery.

which I devoted a very unusual amount of time and labor to you and the case, both in and out of the ordinary hours of business, and as well in my office as at my private residence, $250."

The testimony is very conclusive in relation to the amount of service rendered, which is admitted by the counsel for the defense ; but it is contended that he is not entitled to recover, because he abandoned the case. This is a sound legal position, unless he did so for a good and valid reason. It appears from the evidence that a difference of opinion among the counsel for the defense had arisen, in relation to the management of the case, on some point which each regarded as essential. The plaintiff was associated with Mr. Bates and Mr. Davis in the management of the case, and each expressed a desire to retire, and the question was submitted to the defendant for his decision as to the manner of conducting the cause in a certain particular, and he gave his decision in favor of the mode prescribed by Mr. Bates, whereupon Mr. Montgomery withdrew. As the case then stood, he was justified in withdrawing. The party had made his own preference of counsel, and it is not pretended that Mr. Montgomery withdrew leaving the defendant without intelligent counsel, who was well versed in the law and facts of the case. But it is contended further, that having abandoned the case before the termination of the suit, he is not entitled to recover a retainer. This would be true if he was not justified in his professional conduct ; but in this instance he withdrew by mutual accord, and this being the case he would be entitled to the value of services already rendered, unless he had relinquished them. The most difficult question is, whether the charge for a retainer is a proper cause of action. The English authorities are clearly against it. The Lord Chief Justice, in the case of Kennedy *vs.* Brown, has recently made a decision that " a promise by a client to pay money to a counsel for his advocacy, whether made before, or during, or after the litigation, has no binding effect, and that the relation of counsel and client renders the parties mutually incapable of making any legal contract of hiring and service concerning advocacy in litigation."

The division of labor by the members of the legal profession

in the English Courts is unknown here.    There the Attorney
has the duty of the preparation of the case, etc.; preparing the
pleadings, examining and arranging the testimony ; in fine, he
prepares the case for trial.    It is then submitted to the Barris-
ter for advocacy.    Here the same person often performs the
whole service, from filing the declaration to final judgment, em-
bracing all the duties of Attorney and advocate ; and we can
see no reason why he should not have a reasonable compensa-
tion for services rendered.    The Court would undoubtedly re-
lieve against oppressive contracts made by a lawyer with his
client ; but practiced as the profession is in our Courts, we are
of opinion that the reason of the English rule does not apply to
this case, in which was performed the careful labor of examin-
ing the bill—of a thorough examination of the facts on which
to found an answer, and to prepare the same—attendance in the
examination of witnesses, and much other labor incident to the
cause, prior to the final argument.    An eminent lawyer of the
seventeenth century says that " the fees of the profession of the
law are not duties certain, growing due by contract, for labor
or service, but gifts ; not merces, but honorarium."    The Court
are by no means certain but this would have been a better sys-
tem than ours.    If the fees were to be paid in advance, the party
would have had certain premises for counting the cost, and in
commencing a suit, this very wise precaution would have in-
duced a proper degree of attention.    The effect upon the counsel
might have been equally salutary, if his services were to be re-
garded as purely honorary.    But we regard the labor of the
lawyer, as of other professions, worthy of a fair consideration.

The testimony of Mr. Harris and Mr. Davis is very conclu-
sive as to the amount of labor, and very positive as to the
plaintiff's declaration at the time he withdrew from the case.
Mr. Harris testifies that " when Mr. Montgomery withdrew as
counsel in the case, he said that he had given up any hope of
reward, but that he understood him to refer to the future."
Mr. Davis testified that " when Mr. Montgomery withdrew
from the case, that he abandoned any hope of future or pros-
pective reward."    The remark, he says, made a deep impres-
sion on his mind at the time, being connected, as he was, in the
suit.    The counsel for the defendant admits that the services

were valuable, and does not object to the amount of the charge, but rests his defence upon the grounds already considered.

In view of all the facts and the law as applicable to them, we render judgment in favor of the plaintiff for $315.

Mr. Montgomery, *pro se.*

Mr. Gregg for defendant.