[No. 15107. Department Two. July 24, 1919.]

AUGUSTA FREEBURN, *Appellant*, v. JAMES L. FREEBURN, *Respondent*, LOUIS SHACKLEFORD *et al.*, *Additional Respondents.*[1]

DIVORCE (8)—GROUNDS—INABILITY TO LIVE TOGETHER. Where a wife was quarrelsome and such incompatibility of temperament existed between the parties that they could no longer live together as husband and wife, the court properly granted a divorce to the husband.

SAME (80)—DIVISION OF PROPERTY. Upon granting a divorce, the wife should not be restricted to a mere life interest in the home subject to taxes and upkeep which might be more than its use would be worth, but should be given the fee.

SAME (80). Upon granting a divorce, the proceeds of an advantageous contract, made after marriage, under which the husband was to receive large dividends from the operation of a mine until 1920, should be regarded as community property and the wife should have a half interest therein; but whether the contract will be renewed rests upon speculation, and the proceeds under any such renewal would be his separate property and should not be considered in the division.

Appeal from a judgment of the superior court for King county, Allen, J., entered October 10, 1918, upon findings in favor of the defendant, denying plaintiff separate maintenance and granting defendant a divorce, after a trial on the merits before the court. Modified.

[1]Reported in 182 Pac. 620.

*Flick & Paul* and *Walter S. Fulton,* for appellant.

*John A. Shackleford, Lewis P. Shackleford* and *O. G. Ellis,* for respondent.

Mount, J.—The plaintiff brought this action against her husband for divorce, alleging in her complaint as grounds for divorce, drunkenness, infidelity, cruelty and personal indignities rendering her life burdensome. For answer to the complaint, the defendant denied these allegations, and by way of cross-complaint and as grounds for divorce from his wife, alleged, in substance, extravagant habits, quarrelsome temperament of Mrs. Freeburn, cruelty, and personal indignities rendering his life burdensome. Plaintiff, for reply, denied these allegations of the cross-complaint. Thereafter the plaintiff obtained leave and filed an amended complaint in which she waived her claim for divorce and prayed for separate maintenance on the ground that the parties could no longer live together as husband and wife. Upon these issues, a lengthy trial was had, and at the close of the evidence, the trial court concluded that the plaintiff was not entitled to separate maintenance; that the defendant was entitled to a decree of divorce from the plaintiff because the plaintiff had repeatedly and habitually subjected the defendant to indignities and cruelties rendering his life burdensome; and "that such incompatibility of temperament exists between plaintiff and defendant James L. Freeburn that they cannot live together as husband and wife." The trial court also found that the property of the parties was all community property and of the "value of about fifty thousand dollars ($50,000), and said value does not exceed sixty thousand dollars ($60,000)." The trial court thereupon awarded to the plaintiff a life estate in the residence owned by the parties in Seattle, and awarded her $250

per month, beginning with the month of October, 1918, and continuing to the 20th day of March, 1920; and also required the defendant to deposit with the Bank of California, National Association, of Seattle, Washington, five railroad bonds of the par value of $1,000 each; that these bonds were to be held by the bank for a period of two years, the proceeds to be collected and paid to the plaintiff, and that, at the expiration of two years, the bonds themselves were to be delivered to the plaintiff for her sole use and benefit. The trial court also required the defendant to deposit with the Bank of California, during the year 1919, $4,000 in cash, to be invested in United States bonds for the benefit of the plaintiff, and to be held for a period of five years and then delivered to the plaintiff for her sole use and benefit. The court also required the defendant to deposit with the said bank, in the year 1920, the sum of $4,000 in cash, to be invested in bonds of the United States, and, at the expiration of eight years, to be delivered by the bank to the plaintiff for her sole use and benefit. The court also required the defendant to pay to the plaintiff $125 per month for the care and maintenance of an incompetent child of the parties; and, to secure this payment, required the defendant to deposit ten bonds of the par value of $1,000 each with the Bank of California, which bonds were to be returned to the defendant upon full performance of the obligation to support the child. The plaintiff has appealed from that decree, and insists that no divorce should have been granted to the defendant, and that the court should have awarded separate maintenance to the plaintiff.

The record is a voluminous one. The parties had been married for a period of nearly twenty-four years. They had an incompetent child which required constant care and attention because it was unable to care for

itself. For several years last past, the parties had not
lived happily together. They had been separated at
least once before, and many quarrels were detailed to
the court. It is needless for us to enter into a discus-
sion of the facts. We are convinced from an examina-
tion of the record that the trial court properly found
that the appellant was quarrelsome and impatient with
the respondent, and that such incompatibility of tem-
perament exists between the appellant and the re-
spondent that they can no longer live together as hus-
band and wife. That being true, the court was fully
justified in granting a divorce to the respondent.

The question of a proper division of the property,
under the circumstances of the case, is not so easy of
disposition. The trial court was evidently impressed
with the fact that Mrs. Freeburn was very improvident
in the use of money. He evidently thought it best to
so arrange the property given to her that she could not
use the principal immediately, but that it might be
saved to her by placing it in the hands of a bank and
the proceeds only given to her except at stated times.
It was the opinion of the court that the dwelling house
and the lots upon which it is located should be reserved
for the use only of Mrs. Freeburn; that she should pay
for the betterments, including taxes and assessments,
and should have the use of the property during her
lifetime; and that then it should descend to the child,
or, in case of the death of the child, then to her heirs
and to the heirs of Mr. Freeburn in equal shares. We
think it is apparent that this dwelling-house may not
be an asset for Mrs. Freeburn, for the upkeep and
taxes and assessments which may hereafter be levied
against it may cost more than the use of the property
would be worth to her. We are of the opinion, there-
fore, that the trial court should have given the dwell-

ing-house and the lots upon which it is located to her in fee, that she may use it as she deems best.

At the trial of the case, it appeared that the property which the parties now own has been accumulated in the last four or five years. It appears that Mr. Freeburn has an advantageous contract with the Chicagoff Mining Company, operating in Alaska, by which he receives $200 per month as salary and seven and one-half per cent of the net dividends of that mine. These dividends, in the last four or five years, have yielded an income to Mr. Freeburn of something near $20,000 per year. This contract will expire in the year 1920. It is argued by the appellant that this contract may be renewed after the year 1920, and that Mrs. Freeburn should be entitled to a share of the proceeds of that renewal. It is mere speculation to suggest that this contract may be renewed upon the same or any terms whatever. But if it were to be renewed, it would be renewed long after this divorce and separation, and it is plain that the proceeds of such renewal would not be community property in any sense of the word. But we are of the opinion that, until the expiration of that contract in the year 1920, the proceeds are community proceeds, and that Mrs. Freeburn should share in those proceeds in addition to what the court has seen fit to award her. We are of the opinion, therefore, that the trial court should have awarded her one-half the proceeds of that contract, after the deduction of the income tax exacted by the United States, for the last year of its existence, and that this would be a fair division of the property of the parties under all the circumstances of the case.

The judgment of the trial court is therefore modified to the extent of giving the appellant the residence property in fee as her separate property, and one-half of the proceeds of the contract between Mr. Freeburn and

the Chicagoff Mining Company for the last twelve months of its existence. In all other respects, the judgment is affirmed.

Appellant also argues that she is entitled to a larger attorney's fee than was allowed by the court. We are satisfied that the court made a very liberal allowance on that issue, and we decline to disturb the judgment in that respect.

Appellant will recover her costs upon this appeal.

HOLCOMB, C. J., PARKER, and FULLERTON, JJ., concur.