MARIE E. LYONS *vs.* JOSEPH N. LYONS, JR. August 9, 1988. *Divorce and Separation*, Division of property, Interest in pending lawsuit.

The husband, Joseph N. Lyons, Jr., appealed from certain aspects of the marital property settlement under G. L. c. 208, § 34 (1986 ed.). We transferred the case to this court on our own motion.

The husband alleged that the judge erred in not considering, as part of the marital estate, the wife's interest in a contingent fee agreement of a pending lawsuit. The wife is an attorney. We believe that this case is governed by our decision today in *Hanify* v. *Hanify*, *ante* 184 (1988). A majority of the court concludes that, like the interest of a litigant in a pending lawsuit, the interest of an attorney in a contingent fee arrangement constitutes property under § 34. We therefore reverse the judge's exclusion of this interest from the property settlement, and remand the case for the judge to consider an equitable division of the contingent fee in light of *Hanify* v. *Hanify*, *supra*.

The husband also claimed an abuse of discretion for failure to make findings concerning the husband's financial and other contributions to the wife's legal education and for failure to determine the amount of compensation due to the husband for such contributions. At the time of trial, the judge did not have the benefit of our decision in *Drapek* v. *Drapek*, 399 Mass. 240, 246-247 (1987). There, we held that a judge may consider the financial contributions of one spouse toward the attainment of a professional degree by the other, both in the assignment of the parties' estates and in the awarding of alimony. The court also may consider, for these purposes, "the increased earning potential engendered by a professional degree." *Id.* at 246. Neither the degree nor the increased earning capacity itself is an asset subject to assignment. *Id.*

We believe, however, that the judge implicitly considered these factors in his meticulous findings and conclusions. The settlement was a nearly even distribution of the marital estate. The judge explicitly considered the future potential earnings of both parties. He also noted the depletion of family resources due to the wife's law school education, as well as the family's increased standard of living due to her new practice. Except for the exclusion of the unliquidated contingent fee, the settlement was eminently fair. We therefore remand the case on the sole issue of equitable division of that asset. The remainder of the judgment is affirmed.

*So ordered.*

The case was submitted on briefs.
*Wendy Sibbison* for Marie E. Lyons.
*Peter Roth* for Joseph N. Lyons, Jr.