Sidney A. MUSSER, Jr.,
Appellant/Counter–
Appellee,

v.

Kenna MUSSER, Appellee/Counter–
Appellant.

Nos. 77862, 78036.

Supreme Court of Oklahoma.

Oct. 24, 1995.

As Corrected Nov. 17, 1995.

Rehearing Denied Jan. 23, 1996.

Edward A. Goldman, Goldman & Goldman, Nancy K. Anderson, Oklahoma City, for Appellant/Counter–Appellee.

Arnold D. Fagin, Michael L. Mullins, Fagin, Fagin, Nixon & Mullins, P.C., Oklahoma City, for Appellee/Counter–Appellant.

SIMMS, Justice.

We grant certiorari to consider the first impression question of whether a lawyer's "interest" in contingent fee cases [1] is a part of the marital estate for purposes of equitable division in a matrimonial action. We find that contingent fee cases by their very nature do not constitute a vested interest and cannot be deemed jointly-acquired marital property until recovery is accomplished.

The second and only remaining issue on certiorari is whether the Court of Appeals had jurisdiction to determine the propriety of the trial court's order ruling Husband's projected income taxes were an appropriate consideration in dividing future income. We find that appellate body had jurisdiction to rule on the issue and did not err. [2] Therefore, the opinion of the Court of Appeals is vacated in part, the judgment of the district court is reversed, and the cause is remanded for further proceedings.

Sidney A. Musser, Jr. (Husband), is a successful attorney whose practice primarily includes representation of workers' compensation claimants. These cases were handled on a contingency fee basis, and at the time Husband and Kenna Musser (Wife) were separated, Husband had 400 such cases pending. In valuing the marital estate, the trial court included Husband's law practice as "work in progress" by assigning a value to each of the 400 pending cases.

Husband does not contest the manner in which the trial court valued the contingency fee cases. Rather, he asserts the cases should not be included in the marital estate because fees earned in the contingency fee cases constitute future income. We agree.

## Contingent Fee Cases Are Not Marital Property.

Title 12 O.S.1991, § 1278 provides for property division to be made out of property which was *acquired* by the parties jointly *during their marriage.* This Court has held the assets of a professional practice of one spouse are appropriate elements of the marital property where those assets constitute jointly-acquired property. *Traczyk v. Traczyk,* 891 P.2d 1277 (Okla.1995); *Ford v. Ford,* 766 P.2d 950 (Okla.1988); *Carpenter v. Carpenter,* 657 P.2d 646 (Okla.1983).

However, we have also determined that § 1278 prohibits a trial court from dividing property that is *to be acquired in the future. Ettinger v. Ettinger,* 637 P.2d 63 (Okla.1981) (husband's stock options with employer's company were not marital property because they were not in existence at the time of divorce); *Mocnik v. Mocnik,* 838 P.2d 500 (Okla.1992) (husband's future earnings were not marital property); *Travis v. Travis,* 795 P.2d 96 (Okla.1990) (goodwill of law firm was not marital property because goodwill was actually the professional reputation of the attorney/husband and constituted future income); *Traczyk v. Traczyk, supra,* (distinguishing *Mocnik*). Therefore, if the fees earned in the contingency fee cases are future income, the trial court erred in including the value of those cases in the marital estate.

Several jurisdictions have considered the question of whether an attorney's contingent fee cases should be treated as marital property in a divorce action. Although the courts have almost uniformly agreed that it is impossible to establish a present value for con-

---

1. A contingency fee contract is defined as:

   "one that provides that a fee is to be paid to the attorney for his services only in case he wins, that is, a fee which is made to depend upon the success or failure to enforce a supposed right, and which fee is generally paid out of the recovery for the client." *Pocius v. Halvorsen,* 30 Ill.2d 73, 195 N.E.2d 137, 139 (1964). *See also Martin v. Buckman,* 883 P.2d 185 (Okla.Ct.App.1994), *cert. denied* (October

   4, 1994) (similarly defining "contingent fee contract").

2. Only the issues raised in Husband's Petition for Certiorari will be addressed; we do not consider other issues previously raised by the parties. *Hough v. Leonard,* 867 P.2d 438 (Okla.1993); Rule 3.15 of the Rules on Practice and Procedure in the Court of Appeals on Certiorari to that Court, 12 O.S.1991, Ch. 15, App. 3.

tingent fee cases still in existence, the authorities have split on the issue before us. Despite the inability to determine a present value, some courts have concluded that such cases are marital property and devised ways to establish a value for property division purposes.

The difficulty in determining the value of contingency fee cases that have not been completed is illustrated by *Metzner v. Metzner,* 191 W.Va. 378, 446 S.E.2d 165 (1994), in which the court determined that "[c]ontingent and other *future earned fees* which an attorney *might receive*" should be considered marital property but only that "portion of the fee that represents compensation for work done during the marriage" is included. 446 S.E.2d at 174 (Emphasis added). The court instructed trial courts dealing with such contingent fee cases in divorce proceedings to *retain continuing jurisdiction over the matter* in order to determine how to equitably divide the contingent fee once it is earned. *See also Garrett v. Garrett,* 140 Ariz. 564, 683 P.2d 1166 (Ct.App.1984) (court approved of the trial court retaining continuing jurisdiction over the divorce proceeding to monitor the value of the attorney's services as each contingent fee case was resolved and to distribute the earned fees between the husband and wife). Thus, the future valuation of contingent fee cases also results in a greater burden on the courts.

The court in *In re the Marriage of Vogt,* 773 P.2d 631 (Colo.Ct.App.1989), likened contingency fee contracts to deferred compensation which was earned during the marriage but payable after dissolution of the marriage.[3] Relying on *Garrett v. Garrett, supra,* the court rejected the husband's argument that his contingency fees were only an expectancy reflecting his future income. The court concluded such fees to the extent they were earned during the marriage constituted valuable contract rights acquired during the marriage. Thus, two of six pending contingent fee cases handled by attorney/husband were included in the marital estate. The court allowed only the two cases because the value of those two cases was *known or could*

*be easily determined.* One case had settled and the value was clear. The other had resulted in a jury verdict but was on appeal. Other contingent fee cases handled by attorney/husband in *Vogt* were disallowed as marital property even though he had entered into the agreements during the marriage. Even those jurisdictions which include contingency fee cases in the marital assets struggle with the issue of valuation of those cases.

In *Garrett,* the court determined that

"while it is true that an attorney is not entitled to the full benefit of his contract until the contingency upon which it is based is fulfilled, this does not mean that valid enforceable contract rights do not exist regardless of its fulfillment." 140 Ariz. at 567, 683 P.2d at 1169.

In making this determination, the court noted that the attorney or his estate is at least entitled to the reasonable value of his services in the event he is discharged or dies prior to fulfillment of the contract under Arizona case law.

Likewise, the court in *Due v. Due,* 342 So.2d 161 (La.1977), emphasized that where the relationship under a contingency fee agreement is terminated at the will of the client or by the death of the attorney, the attorney or his estate has a right to the reasonable value of the services rendered prior to termination. On this basis, the court determined the attorney has a proprietary interest in contingency fee cases which constitutes a marital asset.

However, the courts in *Garrett* and *Due* failed to recognize that an attorney is paid *only if the client eventually receives money* by settlement or judgment. *See Quanstrom v. Standard Guar. Ins. Co.,* 519 So.2d 1135 (Fla.Dist.Ct.App.1988), *modified on other grounds,* 555 So.2d 828 (Fla.1990) (an implied but necessary corollary to a contingent fee agreement is that if the attorney does not prevail, he receives nothing for his efforts); *Quinn v. Quinn,* 83 Md.App. 460, 575 A.2d 764, 769 (1990) ("contingent fee cannot be recouped until the case is completed and

---

**3.** *Contra Beasley v. Beasley, infra,* which held that though contingent fees have a degree of

similarity to pensions, they *do not have the same expectation of vesting* as pensions.

either an award is made or a settlement reached"). Like Arizona, Oklahoma has case law which holds that the attorney would be entitled to some payment upon *successful* resolution of the case even though that attorney was no longer employed by the client at the time of resolution.

▉ In *First Nat'l Bank & Trust Co. of Tulsa v. Bassett*, 183 Okla. 592, 83 P.2d 837 (1938), an attorney entered into an agreement with the guardian of a minor to bring civil actions on behalf of the minor and take a contingency fee based upon the recovery accomplished in the litigation. The attorney performed the agreed legal work for the guardian, but before recovery was made, the guardian was replaced, and the new guardian hired new legal counsel. Once recovery was had, the first attorney brought an action to recover on the contingency fee contract. This Court determined *the right of the attorney to recover on the contingency fee did not accrue until recovery in the action for the client was accomplished.* However, because the client had benefitted from the attorney's work, the attorney was allowed to recover based upon *quantum meruit.* Thus, when an attorney is discharged before the case results in a money judgment or settlement, the attorney does not recover under the contingency fee agreement, but rather, the attorney receives the reasonable value of his services.

▉ Likewise, the estate of a deceased attorney is entitled to receive the reasonable value of the services rendered by the attorney under a contingency fee contract for legal work performed by the attorney even though he died prior to settlement of the case by replacement counsel. *City of Barnsdall v. Curnutt*, 198 Okla. 3, 174 P.2d 596 (1945). It is again important to note that *recovery for the client had been achieved* by another attorney *prior to the estate acquiring rights in the attorneys fees.* In both *Bassett* and *Curnutt*, if the client had not recovered a money judgment or a settlement, then neither the attorney in *Bassett* nor the attorney's estate in *Curnutt* would have re-

ceived anything under the contingency fee contract.

▉ Under the rationale of *Bassett* and *Curnutt*, an attorney is not entitled to receive payment for services rendered *unless the client succeeds in recovering money damages.* For this reason, we conclude that because Husband in the case at bar is not certain to receive anything under the contingency fee contracts, those contingency fee cases should not be considered marital property. *At most, Husband has a potential for earning income in the future. He is not assured of earning anything for his efforts nor does he acquire a vested interest in the income from those cases unless his client recovers,* an event impossible to accurately predict. Therefore, we deem pending contingency fee cases of a law firm to be future income and not a part of the marital assets. *Mocnik, supra.*

This holding comports with the decisions of other jurisdictions. For instance, the court in *In re the Marriage of Zells,* 143 Ill.2d 251, 157 Ill.Dec. 480, 572 N.E.2d 944 (1991), held that contingent fee cases should not be included in the marital estate. Its rationale for disallowing division of such fees included: (1) the attorney has neither the right to receive the contingent fee nor any assurance that he ever will receive it; (2) the ultimate value of the fee depends on the amount of the award or settlement in the case and is therefore highly speculative; and, (3) the worth of the fee to an attorney remains intangible until the firm actually receives cash or other consideration for the services rendered. The court also noted the ethical conflict created by a court-ordered division of contingent fees because such would be the sharing of legal fees with a nonlawyer, the wife.[4]

In *In re the Marriage of Tietz,* 238 Ill. App.3d 965, 178 Ill.Dec. 876, 605 N.E.2d 670 (1992), the court distinguished between accounts receivable and contingency fee contracts of a law firm. The court found accounts receivable to be assets already earned with a known value and therefore a proper element in the marital property. However,

---

**4.** Rule 5.4 of the Oklahoma Rules of Professional Conduct, 5 O.S.1991, Ch. 1, App. 3–A, likewise prohibits the sharing of legal fees with a nonlawyer.

contingency fee agreements were disallowed as marital property because their "value was too speculative and because they are *fees earned in the future.*" 178 Ill.Dec. at 885, 605 N.E.2d at 679.

Likewise, the court in *Goldstein v. Goldstein,* 262 Ga. 136, 414 S.E.2d 474 (1992), found the difficulty of valuing unearned contingency fees to be a factor in adjudging contingency fee cases not to be marital property. The court stated:

> "it is impossible to know in advance whether any specific contingent fee case will ultimately yield a fee—or, if it does, how much the fee will be. It is also nearly impossible to gauge how much work and expense will be required after the date of the divorce to become entitled to collect a contingent fee. These qualities of contingent fee agreements make them too remote, speculative and uncertain to be considered marital assets in making an equitable division of property." 414 S.E.2d at 476.

The Superior Court of Pennsylvania discussed the characteristics of contingency fee contracts in determining whether goodwill of a law firm should be considered marital property. *Beasley v. Beasley,* 359 Pa.Super. 20, 518 A.2d 545 (1986), *appeal denied,* 516 Pa. 631, 533 A.2d 90 (1987). Therein, the court noted:

> "In cases where there is a contingent fee arrangement, the value of work completed, or work done and the costs advanced, is absorbed by the sole proprietor and cannot be recouped until the case is completed."
>
> \*   \*   \*   \*   \*   \*
>
> "It is *tenuous and risky to attempt to evaluate the likely return on contingent fees* and as such, *no value can be placed on them for purposes of equitable distribution.*"
>
> \*   \*   \*   \*   \*   \*
>
> "Contingent fees, while having a degree of similarity to pensions, do not have the same expectation of vesting which permits greater certainty in fixing value and for establishing present worth."
>
> \*   \*   \*   \*   \*   \*

"The major contention of the cross-appellant/husband is that since this is an office that works entirely on a contingent fee basis, there cannot be an evaluation of present value by evaluating the work in progress. The expert for appellant/wife agreed that work in progress is not a basis for assessing present value. This would appear to be true. . . . Just as we could not establish good will based on contingent fee earnings, as *at best these are potential earnings,* so must we limit consideration of contingent fees for purposes of present value." 518 A.2d at 554–56.

Consequently, Husband's 400 contingency fee cases are not assets to be included in the marital property and divided between the parties. The value of such cases, if any, may not be considered in calculating property division alimony.

▋ Moreover, because of the difficulty in valuing pending contingency fee agreements to determine the present value, it would likewise be difficult to assess a value for such cases for future income purposes. As a result, using pending contingency fee cases to determine support alimony would typically pose a problem. However, in the case at bar, Husband agreed that the 400 pending contingency fee cases had an average value of $2,000.00 each, and he did not object to the trial court assigning such future value to those cases. Therefore, although the cases may not be considered in calculating property division alimony, those 400 cases constitute future income which may, in this case, be considered by the trial court in establishing support alimony. *Hubbard v. Hubbard,* 603 P.2d 747 (Okla.1979).

For the above and foregoing reasons, the opinion of the Court of Appeals is VACATED IN PART, the judgment of the district court is REVERSED, and the cause REMANDED for further proceedings consistent with this opinion and the opinion of the Court of Appeals undisturbed by this opinion.

WILSON, C.J., and LAVENDER, HARGRAVE, SUMMERS and WATT, JJ., concur.

KAUGER, V.C.J., and HODGES, J., dissent.

OPALA, J., disqualified.