[Nos. 14434-8-III; 15424-6-III. Division Three. January 14, 1997.]

*In the Matter of the Marriage of* RONALD D. ESTES, *Respondent, and* YONG H. ESTES, *Appellant.*

*W. James Kennedy III* and *Thorner, Kennedy & Gano, P.S.*, for appellant.

*F. Steven Lathrop, Susan K. Harrel,* and *Lathrop, Winbauer, Harrel & Slothower,* for respondent.

SCHULTHEIS, A.C.J. — Yong Estes appeals the dissolution decree, contending the court should have included her attorney husband's contingency fee cases as marital assets and the maintenance and property awards were an abuse of discretion. Ronald Estes contends Ms. Estes's appeal was not timely and should be dismissed. In a second,

consolidated case, Ms. Estes appeals the denial of her motion to vacate the decree.

Mr. Estes filed a petition for dissolution in December 1993. The parties had been married for 10 years, and separated in October 1993. They have no children.

Mr. Estes had practiced law since 1979. He continued to practice in partnership with Michael Platts until 1981, when he started his own practice. Mr. Estes's gross income from his law practice in 1992 was $61,400. At the time of separation he had accounts receivable of $77,689.90. In addition he had been working on five or more personal injury cases in which his fee was contingent on the amount of any actual recovery. He testified in one case his client had made a settlement offer of $1.2 million, which had not yet been accepted or rejected. Because of the uncertainty of the outcome in any of his contingency fee cases, he testified that they had no value.

Ms. Estes was employed in the banking industry during much of the marriage. She obtained additional training and certification as a travel agent but never obtained gainful employment in that field. At the time of trial she was employed as a part-time bank teller earning $7.25 per hour.

The parties' community assets consisted of the family residence, an interest in several nonresidential properties, items of personal property, various bank accounts and securities. The court valued these assets at $387,738.

The court found the rights to contingency fees had no value and awarded them to Mr. Estes. The court awarded Mr. Estes assets valued at $188,352, and liabilities of $10,469, for a net property distribution of $177,883. The court awarded Ms. Estes assets of $209,855, including a payment of $60,000 from Mr. Estes, secured by a judgment lien. The court found Ms. Estes was in need of maintenance and awarded her $1,000 per month, to terminate upon her receipt of $73,631 from Mr. Estes, and noted the purpose of the unequal property division was to provide

for her needs in lieu of additional maintenance. The decree of dissolution was entered on July 25, 1994. Ms. Estes moved for reconsideration, and following denial of her motion filed notice of appeal.

On September 6, 1994, Mr. Estes obtained a tentative settlement agreement in one of his contingency fee cases. Under the final agreement he received a contingency fee of $178,640.72. Mr. Estes did not disclose the fact of the settlement or the amount of his contingency fee to Ms. Estes prior to the trial court's ruling on her motion for reconsideration. Ms. Estes learned of the settlement agreement in July 1995. She moved to vacate the dissolution decree, alleging the amount of the contingency was newly discovered evidence that showed misrepresentation as to the value of the case. The motion was denied, and she appealed. The appeals have been consolidated.

Ms. Estes contends the court should have found Mr. Estes's right to attorney fees in several cases taken on a contingency basis was a valuable asset and awarded the right to fees to both parties as tenants in common.

■ An enforceable contract right is property. *Freeburn v. Freeburn*, 107 Wash. 646, 182 P. 620 (1919). A contingent future interest is also property. *In re Leland*, 69 Wn. App. 57, 71, 847 P.2d 518, *review denied*, 121 Wn.2d 1033 (1993); WASHINGTON STATE BAR ASS'N, COMMUNITY PROPERTY DESKBOOK § 3.24 (2d ed. 1989). Here, the court correctly determined the right to the contingency fees was marital property.

■ Ms. Estes argues the court erred in finding the right to those fees had no value. Mr. Estes testified the value of the contingent fees was zero. He also indicated that in one case he had made a $1.2 million settlement offer on behalf of his client. The latter evidence suggests that while the value of the contingent fees would be difficult if not impossible to ascertain, they had some value. The difficulty of valuation, without more, does not preclude the court from awarding contingent fees; the proceeds of a contract obtained during the marriage in the conduct of the com-

munity's business may be awarded to both parties and divided between them when received. *Freeburn*, 107 Wash. at 650; *see In re Bulicek*, 59 Wn. App. 630, 800 P.2d 394 (1990); *DeRevere v. DeRevere*, 5 Wn. App. 741, 491 P.2d 249 (1971).

This is the approach followed in the majority of jurisdictions that have considered the matter. *In re Garrett*, 140 Ariz. 564, 683 P.2d 1166 (1983); *In re Kilbourne*, 232 Cal. App. 3d 1518, 284 Cal. Rptr. 201 (1991); *Waters v. Waters*, 75 Cal. App. 2d 265, 170 P.2d 494 (1946); *In re Vogt*, 773 P.2d 631 (Colo. Ct. App. 1989); *Due v. Due*, 342 So. 2d 161 (La. 1977); *Lyons v. Lyons*, 403 Mass. 1003, 526 N.E.2d 1063 (1988); *Metzner v. Metzner*, 191 W. Va. 378, 446 S.E.2d 165, 44 A.L.R.5th 883 (1994); *In re Weiss*, 122 Wis. 2d 688, 365 N.W.2d 608 (1985).

The Supreme Court of Georgia held contingent fee agreements are not marital assets, reasoning that the difficulty in ascertaining their value at the time of the divorce action rendered them "too remote, speculative and uncertain . . . ." *Goldstein v. Goldstein*, 262 Ga. 136, 414 S.E.2d 474, 476 (1992). The Illinois, Pennsylvania and Oklahoma courts have similarly concluded difficulties in ascertaining the value of contingent fee agreements preclude their classification as marital assets. *In re Tietz*, 238 Ill. App. 3d 965, 605 N.E.2d 670 (1992); *In re Zells*, 143 Ill. 2d 251, 572 N.E.2d 944 (1991); *Musser v. Musser*, 909 P.2d 37 (Okla. 1995); *Beasley v. Beasley*, 359 Pa. Super. 20, 518 A.2d 545 (1986). The *Zells* court also reasoned that an award of unearned attorney fees to the nonattorney wife would pose an "impermissible ethical conflict" violating the rule prohibiting sharing legal fees with nonlawyers. *Zells*, 572 N.E.2d at 945.

An attorney should not be required to place a value on contingency fee cases not yet tried or settled. The difficulty of valuing contingent fees is readily solved by abiding the outcome of the underlying actions and determining the portion of any ultimate recovery attributable to the marital community based on the time devoted to the case

before and after separation. *See Garrett*, 683 P.2d at 1171; *Metzner*, 446 S.E.2d at 169; *Weiss*, 365 N.W.2d at 613. Nor is it apparent that an obligation to share with a former spouse a portion of a fee to be received in the future, if limited to that portion of the fee earned by the attorney's efforts during the marriage, would implicate the evils contemplated by the rule of ethics that prohibits sharing fees with nonattorneys. RPC 5.4(a). Fees earned during marriage are community property, necessarily shared with a nonattorney spouse; this has never been viewed as a violation of the rules of professional conduct.

The court's finding that Mr. Estes's right to contingency fees had no value, and its award to him of the entirety of any fees subsequently collected, is contrary to law. The proceeds of any contingency fee agreements obtained during the marriage in the conduct of the community's business should be awarded to both parties and divided between them, when received, "based upon the percentage of the number of hours worked during the marriage bears to the total number of hours worked in earning the fee . . . ." *Garrett*, 683 P.2d at 1171; *Freeburn*, 107 Wash. at 650.

Ms. Estes challenges the adequacy of the court's maintenance award. The court found Ms. Estes has limited income with which to meet her expenses and is in need of maintenance, and Mr. Estes has the ability to pay maintenance. The court awarded maintenance of $1,000, but only until Mr. Estes had made the $73,631 cash payment to Ms. Estes required as part of the property distribution. Mr. Estes made the required payment on July 25, 1994, the same day the decree was entered. Thus, Ms. Estes did not receive any maintenance as a result of the award. Because the award could be avoided by payment of an amount which Mr. Estes was legally obligated to pay, and which the evidence showed he was able to pay, the purported maintenance award was illusory, and is not supported by the court's finding Ms. Estes was in need of maintenance.

The court indicated in its memorandum decision that "[r]ather than award respondent a monthly maintenance figure for an extended period of time, the court chooses a disproportionate division of the property in lieu thereof to equalize for a period of time the parties' standard of living, as respondent will have a more difficult time adjusting her lifestyle than will petitioner." The property distribution resulted in Ms. Estes's receiving net assets valued at $209,855, an amount $15,986 greater than $193,869, a one-half share of the net community assets. Thus, the disproportionate property division is equivalent to maintenance of $1,000 per month for 16 months. There is no finding of fact or other statement by the court indicating the length of time for which it intended to provide maintenance.

An award of maintenance is within the discretion of the trial court. *Bulicek*, 59 Wn. App. at 633. The trial court may properly consider the property division when determining maintenance, and may consider maintenance in making an equitable division of the property. *In re Rink*, 18 Wn. App. 549, 552-53, 571 P.2d 210 (1977). The award must be just in light of the relevant factors including the financial resources of each party, duration of the marriage, the standard of living during the marriage, and the resources and obligations of the spouse seeking maintenance, including that spouse's ability for self-support. *Bulicek*, 59 Wn. App. at 633. It has been said "[t]he standard of living of the parties during the marriage and the parties' postdissolution economic condition are paramount concerns when considering maintenance and property awards in dissolution actions." *In re Sheffer*, 60 Wn. App. 51, 57, 802 P.2d 817 (1990); *see In re Morrow*, 53 Wn. App. 579, 586, 770 P.2d 197 (1989). Maintenance may serve to equalize the parties' standard of living for an appropriate period of time. *In re Washburn*, 101 Wn.2d 168, 179, 677 P.2d 152 (1984); *Bulicek*, 59 Wn. App. at 635.

During this 10-year marriage, the parties enjoyed a combined net after-tax annual income between $24,647

and $58,420. Ms. Estes's gross annual income never exceeded $12,200 throughout the marriage. Mr. Estes has a law degree and 15 years' professional experience. There is no evidence Ms. Estes, with or without further training or education, is able to earn significantly more than her present income based on an hourly wage of $7.25 per hour. Ms. Estes testified her monthly expenses are $2,200 per month. Mr. Estes has indicated his monthly expenses are $2,759. Both parties' expenses are consistent with the income received during the marriage. It is apparent Ms. Estes's income is not sufficient to meet her monthly expenses, even when her earnings are supplemented with income from property awarded to her. The property division and maintenance award may not constitute an abuse of discretion. The matter is remanded, however, for entry of an express finding as to whether 16 months is an appropriate length of time for maintenance in view of the disparate earning capacities of the parties.

■ Ms. Estes contends the court erred in failing to award her more than $2,500 for attorney fees. An award of attorney fees is reviewed for abuse of discretion. *Bulicek*, 59 Wn. App. at 639-40. There is no evidence of Ms. Estes's actual attorney fees. There was no abuse of discretion.

In his cross-appeal, Mr. Estes contends this court lacks jurisdiction to hear Ms. Estes's appeal because her motion for reconsideration was not decided within the time limits set by CR 59(b):

> A motion for new trial or for reconsideration shall be served and filed not later than 10 days after the entry of the judgment. The motion shall be noted at the time it is filed, to be heard or otherwise considered within 30 days after the entry of judgment unless the court directs otherwise.

Ms. Estes filed her motion for reconsideration in a timely manner on August 3, 1994, and noted it for hearing within 30 days. Thereafter scheduling conflicts resulted in the original hearing date being stricken, and the motion was

not heard until October 10. The order denying the motion was filed October 19. Ms. Estes filed her notice of appeal on October 28.

 The 30-day time limit for filing a notice of appeal is prolonged by the filing of a timely posttrial motion for reconsideration. RAP 5.2(a), (e); *Schaefco, Inc. v. Columbia River Gorge Comm'n*, 121 Wn.2d 366, 849 P.2d 1225 (1993). The civil rule expressly authorizes the trial court to vary the time for hearing the motion. CR 59(b). The rule of appellate procedure makes no reference to the timeliness of the trial court's decision on the motion for reconsideration. The sole consideration under RAP 5.2(e) is the timeliness of the filing and service of the notice of appeal, which may not be extended by the trial court. *See Schaefco*, 121 Wn.2d at 367-68.

Here, the motion for reconsideration was timely filed within 10 days of the entry of judgment, and the notice of appeal was filed within 30 days after entry of the order denying the motion. The notice of appeal was timely.

 In the consolidated cause, Ms. Estes appeals the trial court's denial of her motion to vacate judgment based on Mr. Estes's settlement of the personal injury case and receipt of a substantial contingency fee. Her motion asserted, as grounds for vacation, newly discovered evidence, fraud or misrepresentation by the other party, or "[o]ther reasons justifying relief . . . ." *See* CR 60(b)(3), (4), (11). Her theory was that the settlement was relevant to show the value of the contingency fee cases, and Mr. Estes misrepresented the value of the cases. The decision on a motion for a new trial is within the discretion of the trial court. *In re Coverdell*, 39 Wn. App. 887, 696 P.2d 1241, *review denied*, 102 Wn.2d 1009 (1984). There was no abuse of discretion.

The trial court should have awarded to both parties the right to receive contingency fees, to be divided upon receipt. The motion to vacate was unnecessary; evidence of actual fees will be used in making the appropriate division. The trial court did not abuse its discretion.

Ms. Estes requests an award of attorney fees for this appeal. Such an award is authorized by RCW 26.09.140. *Bulicek*, 59 Wn. App. at 640. The trial court found she had a need for attorney fees and Mr. Estes had the ability to pay them. Ms. Estes is awarded attorney fees on appeal.

Reversed and remanded for further proceedings consistent with this opinion.

THOMPSON and KURTZ, JJ., concur.