[No. 48688-8-I.   Division One.   August 5, 2002.]

JENNIFER M. RYAN, *Appellant*, v. THE STATE OF WASHINGTON, ET AL., *Defendants*, HOWARD S. STEIN, *Respondent*.

*Bryan C. Hugo* and *Leslie A. Wahlstrom*, for appellant.

*Howard Stein* and *Donna K. Tucker* (of *Tucker & Stein, P.S., Inc.*), for respondent.

Cox, J. — Bryan C. Hugo appeals the trial court's award of attorney fees to Howard S. Stein, his former cocounsel, for work performed on behalf of their client in this contingent fee case. Because Stein withdrew from the case without justification or good cause before Ryan settled with the State, the trial court abused its discretion in awarding attorney fees to Stein. We reverse.

Jennifer Ryan hired Bryan Hugo to represent her in a claim against Washington State. In 1996, Hugo asked Stein to assist him in this representation. In substance, the parties agreed that Stein would be compensated either at the rate of $125 per hour if the case settled or at some percentage of fees based on proportionate hours if the case went to trial. In 1999, Hugo closed his Washington office and moved to Florida. Stein entered a notice of appearance

and association of counsel in this case on behalf of Ryan. Hugo periodically returned to Washington. He and Stein continued to work together on Ryan's case. In April 2000, Stein withdrew from the case.

Prior to trial, Ryan and the State settled. The State paid the $150,000 settlement amount into the registry of the court. Stein then filed an attorney's charging lien for $20,502.50. Hugo moved to remove the lien.

The trial court concluded that Stein was entitled to fees "pursuant to agreement and pursuant to quantum meruit." The court then determined that a reasonable fee award was $14,000, payable from the registry of the court. The court further directed release of the remaining funds to Hugo and Ryan.

Hugo appeals.

Hugo argues that the trial court abused its discretion in granting fees to Stein. He argues that Stein was not entitled to fees because the withdrawal was not for "good cause" or "justified." We agree that the record fails to support the award of fees, and that the court failed to properly exercise its discretion in awarding them.[1]

■■ The determination of whether to award attorney fees in these circumstances is a matter left to the discretion of the trial judge.[2] A trial court abuses its discretion only when its decision is manifestly unreasonable or based on untenable grounds.[3] "A court's decision is manifestly unreasonable if it is outside the range of acceptable choices, given the facts and the applicable legal standard; it is based on untenable grounds if the factual findings are unsupported by the record; it is based on untenable reasons if it is based on an incorrect standard or the facts do not meet ·the

---

[1] Costs are not at issue in this appeal.

[2] *Ausler v. Ramsey*, 73 Wn. App. 231, 234, 868 P.2d 877 (1994) (citing *Wheeler v. Catholic Archdiocese*, 65 Wn. App. 552, 574, 829 P.2d 196, *review granted*, 120 Wn.2d 1011 (1992)).

[3] *State ex rel. Carroll v. Junker*, 79 Wn.2d 12, 26, 482 P.2d 775 (1971).

requirements of the correct standard."[4] A decision based on a misapplication of law rests on untenable grounds.[5] One who asserts the right to fees from a contingency fee case has the burden to show that the withdrawal is justified.[6]

In *Ausler v. Ramsey*, this court held that an attorney hired on a contingent fee basis who withdraws from the case before settlement or judgment may recover fees for work already performed, based on quantum meruit, only if the withdrawal was for "good cause" or "justified."[7] There, Blumenthal, Ausler's personal injury attorney, withdrew from her case before settlement, and filed an attorney's lien on any judgment she might receive. Ausler retained another attorney, and settled the lawsuit. In arguing that he should receive fees for the work he performed, Blumenthal claimed that he withdrew "because he believed that Ausler was not heeding his best legal advice, was acting in contradiction to her best interests and because she failed to respond in writing" to a letter he wrote her.[8] This court held that his withdrawal was not justified, because the record did not support his claim that Ausler did not cooperate. Rather, the court concluded that the record showed that he voluntarily withdrew because he disagreed with his client about the value of her claim and whether it should be arbitrated or tried.[9]

In reaching its decision, the *Ausler* court explicitly adopted the rule in the majority of jurisdictions that when an attorney withdraws from a case, that attorney may recover fees on a quantum meruit basis, provided the

---

[4] *In re Marriage of Littlefield*, 133 Wn.2d 39, 47, 940 P.2d 1362 (1997).

[5] *Ausler*, 73 Wn. App. at 235 (citing *In re Marriage of Bralley*, 70 Wn. App. 646, 651, 855 P.2d 1174 (1993)).

[6] *Estate of Falco*, 188 Cal. App. 3d 1004, 1016, 233 Cal. Rptr. 807, 814 (1987).

[7] *Ausler*, 73 Wn. App. 231, 236, 868 P.2d 877 (1994).

[8] *Ausler*, 73 Wn. App. at 234.

[9] *Ausler*, 73 Wn. App. at 239.

withdrawal is for good cause or was justified.[10] After discussing the societal benefits and burdens of contingent fee agreements to injured persons and those who represent them, the *Ausler* court stated the rationale for denying fees when withdrawal is not justified:

> Clients often must accept the drawbacks of a contingent fee arrangement if they want to acquire an attorney at all. Attorneys must do the same. Therefore, an attorney should not be permitted to withdraw from a "bad case" on grounds that the client "uncooperatively" wishes to go to trial, thereby eliminating his or her exposure to risk, and still recover fees for that case.[11]

Stein argues that *Ausler* does not apply in this case because he did not have a contingent fee agreement with Ryan, the client. This is contrary to the unchallenged findings of the trial court. Unchallenged findings are verities for purposes of appeal.[12]

The court found that Stein appeared and represented Ryan "as one of her attorneys, and Ms. Ryan was his 'client' for purposes of RCW 60.40.010, et seq., [the attorney's lien statute] and his entitlement to fees was contingent in nature." Moreover, these findings are supported by substantial evidence. Stein noted in a letter to Hugo that he expected to be paid for the time he worked only "when judgment is executed or settlement obtained." He also noted that he would receive a "percentage of fees based on the proportionate number of hours worked, if the matter proceeds to suit or $125.00 per hour if settled." In short, Stein's attempt to distinguish *Ausler* on this basis is not persuasive.

---

[10] *Ausler*, 73 Wn. App. at 236 (citing Wade R. Habeeb, Annotation, *Circumstances Under Which Attorney Retains Right to Compensation Notwithstanding Voluntary Withdrawal From Case*, 88 A.L.R.3d 246, §§ 2-5 (1993), *superseded by* George L. Blum, J.D., Annotation, *Circumstances Under Which Attorney Retains Right to Compensation Notwithstanding Voluntary Withdrawal From Case*, 53 A.L.R.5th 287 (1997)).

[11] *Ausler*, 73 Wn. App. at 237-38.

[12] *State v. Hill*, 123 Wn.2d 641, 644, 870 P.2d 313 (1994).

We note that the trial court made no express statement in its written findings and conclusions whether justification or good cause existed. But the court's citation to *Ausler* and its ruling awarding fees is an implicit decision, in our view, that these elements existed in this case. The question is whether the record supports this implicit determination.

Hugo argues that Stein has not shown that his withdrawal was for "good cause" or "justified." We agree.

In April 2000, Stein wrote to Ryan and Hugo to inform them of his decision to withdraw from Ryan's case. Stein did not mention disagreements with Hugo as a cause for his withdrawal in either letter. In his letter to Hugo he stated:

> I now have a personal injury trial in Alaska with the discovery cutoff date in September and two personal injury trials at the beginning of 2001. In addition, I have a number of criminal trials in May, June and July. My office is currently working without Mark Albrecht, who left to do public defense with S.C.R.A.P. . . .

In his letter to Ryan, he further stated that "I wanted to let you know in advance that I will be withdrawing from your case so that I can return to work on Tucker & Stein P.S., Inc., matters." Nothing here suggests any disagreement between counsel.

■ Nor does Stein's later declaration in response to Hugo's motion to extinguish the attorney lien show that his withdrawal was justified. Stein alleges in this declaration that his role in the Ryan case changed, when Hugo moved to Florida, to that of "primary" rather than "secondary" counsel. He states that this role was greater than his original agreement with Hugo anticipated. Even if we were to ignore his previously stated reason to Ryan that he wished to withdraw to pursue other matters, which we do not, increased responsibility for a case is not good cause to withdraw. Stein did not file a notice of appearance until after Hugo moved to Florida, and Stein had agreed to take on the extra responsibilities that Hugo's absence would create. Their fee agreement provided that Stein would be

paid by the hour for this additional work. This argument is no more persuasive than the first one.

Stein also argues that "difficulties" between him and Hugo justified withdrawal. At most, Stein's declaration provides further evidence that he withdrew, as he stated in his letters to Hugo and Ryan, because of time constraints, not because of difficulties that were insurmountable.

Stein's allegations of disagreements with Hugo are insufficient to demonstrate either justification or good cause. This court in *Ausler* cited an annotation in the *American Law Reports* (A.L.R.) and summarized the situations in which cases cited in that article found good cause:

> Courts have found "good cause" where the attorney knows that the client's claim is fraudulent, the attorney has professional objections to the client's retention of additional counsel, the client is uncooperative, the attorney and client suffer a "breakdown" in communication, the client degrades the attorney (usually by claiming the attorney was dishonest), the client refuses to pay justified attorney fees and costs or ethical rules require the attorney to withdraw.

> It has been held unjustifiable for an attorney to withdraw from a case because the client has retained other counsel, the attorney does not believe the negotiated contract with the client is sufficiently compensatory, the attorney feels that the case has no potential or the client refuses to accept a settlement offer.[13]

Stein cites generally to the A.L.R. annotation to support his argument. None of the cases cited there, however, are analogous to his case. The only case in the annotation that discussed attorney disagreements, *Montgomery v. Montgomery*,[14] is distinguishable from this case. There, two attorneys disagreed on a point which "each regarded as essential" to such a degree that each wished to withdraw from the case. They presented the disagreement to the client, who chose to proceed as one attorney recommended,

---

[13] *Ausler*, 73 Wn. App. at 236, n.4 (citing Habeeb, *supra* n.10, at 252-56, *available at* 1863 W.L. 2533 (citations omitted)).

[14] 2 Haw. 677 (1863).

and the other withdrew. The court declared that the client had made his own choice of counsel and that withdrawal by the other attorney was justified.[15]

Here, there is no evidence suggesting anything similar occurred. For that reason, *Montgomery* is inapposite.

■ Stein also claimed that Hugo failed to pay his expenses. In light of this court's strong policy statement that the purpose of the *Ausler* rule is to protect a client with whom the attorney has a contingent fee agreement, and Stein's failure to mention this problem to the client at the time of withdrawal, Stein's withdrawal on this basis was not justified.

To summarize, Stein has failed to meet his burden to show that his withdrawal was justified or for good cause so as to warrant the payment of fees.

We reverse both orders to the extent they award fees to Howard Stein.

BECKER, C.J., and GROSSE, J., concur.