2010 OK CIV APP 141

Patricia MARTINEZ, Plaintiff/Appellant,

v.

Michael D. MARTINEZ, Defendant,

and

Glenn Beustring, Applicant/Appellee.

No. 106,815.

Court of Civil Appeals of Oklahoma, Division No. 1.

June 10, 2010.

Certiorari Denied Sept. 27, 2010.

Patricia Martinez, pro se, Appleton, WI, Plaintiff/Appellant.

Glenn R. Beustring, pro se, Tulsa, OK, Applicant/Appellee.

KENNETH L. BUETTNER, Presiding Judge.

¶1 On January 23, 2008, attorney Glenn R. Beustring (Attorney) filed an Application to Determine Quantum Meruit Attorney Fees for unpaid legal services rendered on behalf of Plaintiff/Appellant Patricia Martinez (Martinez) based on a contingency fee contract. Attorney was hired on the contingency fee contract as co-counsel in the Spring of 2004. Later, after discussion with Martinez, and pleading press of business, Attorney withdrew from the representation by letter dated April 3, 2006. The stated reason for not filing an application to withdraw was so there would be no impact on her pending litigation in another state. Attorney nonetheless performed some legal services for Martinez in November 2007, but then none after she terminated his services November 27, 2007. Martinez filed a Motion to Dismiss her lawsuit December 9, 2008 and an Order of Dismissal was entered January 9, 2009. The trial court found that Martinez owed Attorney $30,000 for the time period of September 2004 through November 30, 2007

and $3,104.99 in litigation costs. We reverse the attorney fee award because a lawyer is not entitled to receive payment for services rendered, based on the equitable principle of quantum meruit, unless the client recovers money damages.

■ ¶ 2 Martinez first contends that the trial court lacked personal jurisdiction over her. However, when a party seeks affirmative relief from a court, she submits to its jurisdiction. *State ex rel. Hunt v. Liberty Investors Life Insurance Company*, 1975 OK 165, 543 P.2d 1390. When Martinez filed her petition seeking money damages for breach of contract, she submitted herself to the jurisdiction of the district court.

■ ¶ 3 Next, we address whether the trial court erred when it awarded Attorney quantum meruit attorney fees.[1] It is undisputed that Martinez' lawsuit for breach of contract for money damages did not settle, nor was a judgment entered in her favor. Martinez dismissed her action without recovery of any money damages. The contingency upon which the contract was based, did not occur.[2] In *Musser v. Musser*, 1995 OK 116, ¶ 16, 909 P.2d 37, 40, the Oklahoma Supreme Court stated "... an attorney is not entitled to receive payment for services rendered *unless the client succeeds in recovering money damages.*" (Emphasis in original.) The *Musser* Court, in discussing the precedential case *First National Bank & Trust Co. of Tulsa v. Bassett*, 1938 OK 461, 83 P.2d 837, cited the holding that a right to recover on a contingency contract did not accrue until recovery for the client was successful. Because the first attorney in *Bassett* had been replaced before the accomplishment of the contingency, after the successful accomplishment of the contingency, the first attorney who had been discharged, but not "for cause," was allowed to seek quantum meruit attorney fees for services rendered, but could

not seek his fees pursuant to the contingency fee contract.

¶ 4 In *Sholer v. State ex rel. Department of Public Safety*, 2006 OK CIV APP 145, ¶ 33, 149 P.3d 1040, 1048, the Oklahoma Court of Civil Appeals also stated:

> Generally, quantum meruit is applied where a plaintiff [Attorney] renders valuable services benefitting a defendant [client] under circumstances where the defendant was reasonably notified the plaintiff expected to be paid or where it would be unjust for the defendant to retain the benefit without paying.

■ ¶ 5 In the case at bar, the fact that Martinez dismissed her lawsuit ends the matter. Martinez contracted to pay her attorney only from a recovery in the lawsuit. The contingency did not occur. Martinez has not received any benefit from Attorney's services. Attorney may not recover fees either under the contingency fee contract or in equity for quantum meruit. "Clients often must accept the drawbacks of a contingent fee arrangement if they want to acquire an attorney at all. Attorneys must do the same." *Ryan v. State of Washington*, 112 Wash.App. 896, 51 P.3d 175, 177 (2002).

¶ 6 Reversed.

HANSEN, J., and HETHERINGTON, J., concur.

---

1. **Quantum meruit (kwon-təm-mer-oo-it).** [Latin "as much as he has deserved"]. (17c) **1.** The reasonable value of services; damages awarded in an amount considered reasonable to compensate a person who has rendered services in a quasi-contractual relationship. BLACK'S LAW DICTIONARY 1361 (9th ed.2009).

2. The record does not contain any evidence of a written contract between Attorney Beustring and Martinez, but Beustring appends a copy of the contingency fee contract between the original lawyers who asked him to co-counsel with them and Martinez. Contingency fee contracts are required to be in writing pursuant to Rule 1.5 of the Rules of Professional Conduct.