[Civil No. 4515.   Filed May 17, 1943.]

[137 Pac. (2d) 393.]

In the Matter of the Estate of Robert J. Monaghan, Deceased, ELIZABETH G. MONAGHAN, Appellant, v. RICHARD H. KENNERDELL, Appellee.

Mr. H. S. McCluskey, for Appellant.

Messrs. Cornick & Carr, Mr. Wallace W. Clark, and Mr. O. M. Trask, for Appellee.

STANFORD, J.—Three appeals have come to this Court from a will contest case (*post,* p. 346), 137 Pac. (2d) 390) tried in the Superior Court of Maricopa County. This appeal is taken from a part of and order and judgment rendered by the court on a petition of the executor appointed in the will asking for a deter-

mination of character of property, and that part of the judgment reads as follows:

"4. IT IS FURTHER ORDERED, ADJUDGED AND DECREED, and the Court does hereby order, ADJUDGE AND DECREE, that any further sums coming into the hands of Elizabeth G. Monaghan as a result of her services as attorney in the Intermountain Building and Loan Association, be administered upon as other community property."

Therefore, the real issue in this case is whether or not future fees that may be paid to the appellant because of the Intermountain Building and Loan Association litigation should be accounted for as community property within the meaning of Section 63–301, Arizona Code Annotated 1939, which reads as follows:

"*Community property—Power of Disposition.*—All property acquired by either husband or wife during the marriage, except that which is acquired by gift, devise or descent, or earned by the wife and her minor children, while she has lived or may live, separate and apart from her husband, shall be the community property of the husband and wife. During the coverture personal property may be disposed of by the husband only."

The appellant claims that the fee involved is a possibility only, and dependent on the happening of a contingency; that no property has yet been acquired. She also claims that the services were rendered while she lived separate and apart from the testator, who was her husband.

The will of deceased, which was dated April 18, 1940, reads, in part, as follows:

"Fourth. I give, devise and bequeath to my wife, Elizabeth G. Monaghan, from whom I have been permanently separated for four (4) years or thereabouts, the cash sum of ten ($10.00) dollars. I represent that in June, 1936, or thereabouts my said wife and I entered into a property settlement agreement which

said agreement is of record in the office of the county recorder of Yavapai County, Arizona.''

It is the contention of the appellee herein that the attorney's fees in question were earned prior to November, 1935, when the deceased and appellant were living together, and the fee was therefore community property, notwithstanding that the judgment on the merits of the controversy in the Intermountain Building and Loan Association action was entered January 5, 1937.

■ The condition precedent in the matter of the fee of this appellant, the attorney wife of the testator of the will, was that the Intermountain Building and Loan Association be declared insolvent, a fund created of its assets, and a permanent receiver appointed to administer the same, and the fund distributed to the creditors. In that respect the facts apparently further show that the trial of that cause on the merits occurred September 29, 1936; the court took the matter under advisement and the judgment and decree of the Federal Court determining the corporation to be insolvent and appointing a permanent receiver was rendered on the 5th day of January, 1937. This was at a time after the abandonment by deceased of his wife, this appellant.

'' . . . The character of the property, as to being separate or community, becomes fixed at the time it is acquired . . . .'' *Pendleton* v. *Brown,* 25 Ariz. 604, 221 Pac. 213, 215.

■ As stated in the will there was a property settlement between deceased and this appellant in June, 1936, and we find that agreement to be dated June 20, 1936, and to be as follows:

''The undersigned, R. J. Monaghan and E. G. Monaghan, his wife, have this day agreed on a complete cash and chattel settlement, satisfactory to both parties, it being understood and agreed that the only

community property remaining undivided is the real property owned jointly by them.''

This is a short agreement, but important enough that it was recorded in Yavapai County, which was also the home of the husband and wife. This agreement was a ''complete cash and chattel settlement'' but it did not set forth the properties each were to have. Also, this agreement on examination in the will contest case by the counsel for appellant, was denied by her, so there is some question about such settlement.

Mrs. Monaghan, the appellant herein, is an attorney at law, and the record attorney in the Federal Court litigation. The deceased was not an attorney. Had there been a settlement, as stated in the will, to whom would the contingent, unpaid fee be given? Counsel have stipulated, and the law permits, the record of the will contest case to be used in this cause, and in that case we find in the evidence that the sum of $7,500 had been paid appellant on account of attorney's fees and she invested it in community property, but the final fee has not yet been earned and also additional litigation may be necessary before a further fee is allowed. As to the payment of the $7,500, $5,000 was paid about February 18, 1930, and $2,500 in March, 1939.

The will was made April 18, 1940, and at that time the testator, the husband of this appellant, stated that he had then been permanently separated for four years or thereabouts from his wife.

We hold that regardless of the property settlement agreement of the parties hereto, appellant is entitled to the fee involved herein and she is entitled to the same by reason of having earned it while living separate and apart from her husband.

The judgment of the trial court is reversed.

McALISTER, C. J., concurs.

ROSS, J. (Dissenting).—I dissent. The trial court held that all of the attorneys' fee in the Intermountain Building and Loan Association case was community property—that part of it already paid and that portion to be paid. The appellant acquiesces in such holding so far as the paid portion is concerned. It is that portion yet to be collected which she claims as her separate property. The fee is the result of one employment which was admittedly in 1935, when the parties were living together as husband and wife. If any part of the fee is community, I think all of it is. The date it is paid the spouse who earned it does not change its character. The right to the fee is "acquired" on the date of the employment although it may not be earned or paid until long after, or never. If the opinion of the majority were to the effect that the balance of the fee belonged to the wife, under and by virtue of the "settlement agreement" I could acquiesce therein, but as it is, it is not possible to say on which ground it is based.