744 P.2d 434

**The STATE of Arizona,
Plaintiff/Appellee/Cross-Appellant,**

v.

**Ronald M. TORREZ,
Defendant/Appellant/Cross-Appellee.**

**No. 2 CA–CV 5976.**

Court of Appeals of Arizona,
Division 2, Department A.

April 23, 1987.

Reconsideration Denied May 26, 1987.

Review Denied Oct. 20, 1987.

---

**523**

Robert K. Corbin, Atty. Gen. by Keith Ricker, Phoenix, and Peter S. Cahill, Globe, for plaintiff/appellee/cross-appellant.

Culbert & De Ninno by David R. Pardee, Globe, for defendant/appellant/cross-appellee.

## OPINION

FERNANDEZ, Judge.

The court entered judgment against the appellant Ronald M. Torrez for attorney's fees and costs in this paternity action brought by the State of Arizona. The award was to reimburse the state for attorney's fees incurred in the paternity action pursuant to A.R.S. § 12–849(E). Appellant's numerous contentions on appeal deal with the propriety of this award. The state cross-appeals from the court's determination that it is without authority to order appellant to obtain medical coverage for the minor child.

Prior to the filing of this case, Gila County had entered into an intergovernmental agreement with the State of Arizona De-

partment of Economic Security Child Support Enforcement Administration for the delivery of child support enforcement services pursuant to 42 U.S.C. §§ 651–667. Gila County then subcontracted with private local counsel for the child support enforcement services which would otherwise be performed by the Gila County Attorney.

A paternity complaint was filed in this case in the name of the State of Arizona, alleging that the appellant is the father of the child. Such services are provided free to anyone by Gila County regardless of his or her financial condition. A.R.S. § 12–2456.

After blood tests were analyzed, the appellant conceded that he was the father of the child. The court then conducted a hearing on the financial issues. The court ordered appellant to pay for past child care and lying in expenses and fixed child support at $200 per month. The court further ordered the issue of the state's attorney's fees to be presented by affidavit and to be settled along with the amount of costs.

The state filed a motion for reconsideration, alleging that the support was insufficient and objecting because appellant was not ordered to provide medical insurance for the child. The court found that it had failed to adequately consider the effects of A.R.S. § 12–2451(C) on the facts presented and increased the monthly support to $300 per month. The court also found that A.R.S. § 12–849 does not provide for medical insurance as such and denied the request for medical coverage of the child. The court again ordered the plaintiff's attorneys to file an affidavit as to attorney's fees. After two affidavits were finally filed, the court ordered appellant to pay the state $4,177.55 in attorney's fees and $490.13 in costs.

## ATTORNEY'S FEES

The threshold issue in this case is the propriety of awarding attorney's fees in a paternity case in which the state is the plaintiff when there has been no showing that the fees were necessary to the full and proper presentation of the action. The au-

thority for an award of attorney's fees in a paternity action is A.R.S. § 12–849(E), which provides as follows:

> The court may, after considering the financial resources of both parties, order a party to pay a reasonable amount to the other party for the costs and expenses of maintaining or defending any proceeding under this article. For the purpose of this section, costs and expenses may include attorney's fees, deposition costs and such other reasonable expenses as the court finds necessary to the full and proper presentation of the action, including any appeal. The court may order all such amounts paid directly to the attorney, who may enforce the order in his name with the same force and effect, and in the same manner, as if the order had been made on behalf of any party to the action.

Although it appears that A.R.S. § 12–849(E) has never been the subject of appellate review, appellant argues that it is an almost verbatim reproduction of A.R.S. § 25–324, pertaining to dissolution of marriage, which was enacted four years before § 12–849(E) and which provides as follows:

> The court from time to time, after considering the financial resources of both parties, may order a party to pay a reasonable amount to the other party for the costs and expenses of maintaining or defending any proceeding under this chapter. For the purpose of this section costs and expenses may include attorney's fees, deposition costs and other such reasonable expenses as the court finds necessary to the full and proper presentation of the action, including any appeal. The court may order all such amounts paid directly to the attorney, who may enforce the order in his name with the same force and effect, and in the same manner, as if the order had been made on behalf of any party to the action.

In a dissolution proceeding, the state is not a party to the action. In a paternity or maternity proceeding, the action may be commenced by the county attorney in the name of the state or by the mother, father, guardian or best friend of a child born out of wedlock. A.R.S. § 12–846. In addition, in any action in which the state is not the plaintiff, the state may intervene as co-plaintiff. A.R.S. § 12–846(B), (D).

■ In construing A.R.S. § 25–324, our courts have consistently held that the statute is designed to insure that poorer parties have the proper means to litigate. *Edsall v. Superior Court In and For the County of Pima*, 143 Ariz. 240, 693 P.2d 895 (1984); *Standage v. Standage*, 147 Ariz. 473, 711 P.2d 612 (App.1985); *Garrett v. Garrett*, 140 Ariz. 564, 683 P.2d 1166 (App.1983); *Countryman v. Countryman*, 135 Ariz. 110, 659 P.2d 663 (App.1983). If a party can afford to effectively litigate without being handicapped or intimidated by the financial resources of the other side, an attorney's fee award is improper. *Garrett*, supra; *Edsall*, supra.

■ In this case, the action was brought in the name of the State of Arizona by the county attorney's designated attorney. The state contends that there is no need to construe the statute by comparing it to A.R.S. § 25–324 because § 12–849(E) is not ambiguous. The state argues that appellant should be ordered to reimburse it for the attorney's fees incurred in maintaining the action even though the statute is silent as to any reimbursement provision. We refuse to do so. The statute clearly requires that before awarding the costs and expenses of maintaining any proceeding under this section, the court must find that such expenses were necessary to the full and proper presentation of the action and must consider the financial resources of both parties. The court has made no such finding in this case. If the legislature had intended to require a defendant in a paternity case to reimburse the state for the reasonable expenses incurred in bringing the case, it could have so stated.

It is apparent that if the complaining witness had retained a private attorney and filed this case in her name, the facts would have justified the award of reasonable expenses incurred in prosecuting the action. However, the complaining witness instead availed herself of the county attorney's

designated attorney services provided for all persons by Gila County without the requirement that they pay any fees. Therefore, she had the proper means to litigate the paternity issue, and the attorney's fee award was improper. Historically, attorney's fees have not been awarded in the absence of a statute authorizing them. We conclude that A.R.S. § 12–849(E) does not permit an award of attorney's fees in this case.

## MEDICAL INSURANCE

The court, in increasing the amount of child support after reconsideration, clearly provided for the medical needs of the child; therefore, we need not reach the issue of whether the court in a paternity case can order the father to provide medical insurance for the child.

The award of attorney's fees and costs is reversed. Each party shall bear its own attorney's fees and costs on appeal.

HATHAWAY, C.J., and HOWARD, P.J., concur.