836 A.2d 859 (2003)
364 N.J. Super. 449
Jacqueline ERLANGER, Plaintiff
v.
Robert K. ERLANGER, Defendant.
Superior Court of New Jersey, Chancery Division.
May 30, 2003.
Kathleen A. Walrod, Union City, for plaintiff (Walrod & D'Amico).
Marc S. Berman, Clifton, for defendant.
COSTELLO, J.S.C.
Plaintiff wife and defendant husband have been married for approximately 13 years. She is a salaried chief financial officer of a corporation. He is an attorney with a practice that is partly based on personal injury work. Plaintiff seeks equitable distribution of the value of defendant's law practice. The value is essentially comprised of the worth of several contingency cases which were pending at the time the divorce Complaint was filed. One has been settled. Several others remain open.
*860 There are no New Jersey cases addressing the issue of whether an attorney's contingency fee that has not yet been realized is subject to equitable distribution. I conclude that it is.
The principle of equitable distribution envisions the fair division of all property legally and equitably acquired during the marriage. N.J.S.A. 2A:34-23. This is based on the notion that marriage is a shared enterprise in many ways akin to a partnership. Rothman v. Rothman, 65 N.J. 219, 229, 320 A.2d 496 (1974). Following this partnership concept, property acquired during a marriage represents the fruit of the labors of both spouses, even if the actual title to that property lies with only one. Tucker v. Tucker, 121 N.J.Super. 539, 545, 298 A.2d 91 (Ch.Div.1972). Unrealized contingency fees should be categorized as property resulting from the fruit of the labors of such a partnership.
Many jurisdictions have held that due to the speculative nature of contingency fees, they should be excluded altogether from equitable distribution. These include Illinois, In re the Marriage of Zells, 143 Ill.2d 251, 157 Ill.Dec. 480, 572 N.E.2d 944 (1991), Oklahoma, Musser v. Musser, 909 P.2d 37 (Okla.1995), and Pennsylvania, Beasley v. Beasley, 359 Pa.Super. 20, 518 A.2d 545 (1986).
While there is no question that the actual value of contingent fees cannot be known until a settlement is reached or a verdict is rendered, the better course is to recognize that the portion of the fee earned during the marriage is an asset and should be distributed. State courts favoring this theory include Arizona, Garrett v. Garrett, 140 Ariz. 564, 683 P.2d 1166 (App.1983), Colorado, Vogt v. Vogt, 773 P.2d 631 (Colo.Ct.App.1989), New York, Block v. Block, 258 A.D.2d. 324, 685 N.Y.S. 2d 443 (N.Y.App.Div.1999), and West Virginia, Metzner v. Metzner, 191 W.Va. 378, 446 S.E.2d 165 (1994), White v. Williamson, 192 W.Va. 683, 453 S.E.2d 666 (1994).
The asset should not be excluded merely because the value is not known at the time the final judgment of divorce is entered. The better practice is to set out an equitable formula that can be applied to the asset after its value becomes known. Thus, the issue presented is how to fairly distribute a speculative asset. Some courts have struggled over the practicality of retaining jurisdiction over the divorce until the contingency case is concluded. Metzner, supra, 446 S.E.2d at 174, Flynn v. Flynn, 341 Pa.Super. 76, 491 A.2d 156, 160 (1985), and In re Marriage of Hobbs, 110 Ill.App.3d 451, 66 Ill.Dec. 203, 442 N.E.2d 629, 631 (1982). This is not only unwieldy, but bifurcation of issues is disfavored in New Jersey. R. 5:7-8.
In this case it would be fair to apply the same valuation method already used in this matter by defendant's expert to apportion the fee in the case that settled after the divorce Complaint but before the divorce trial, to the remaining fees. As the expert in this case noted, in a contingency case, every hour expended must be treated as being equally important to the rest. The net counsel fee should multiply the fraction of hours spent before the divorce complaint was filed over the total number of hours spent. Plaintiff is awarded 50% of that figure, for reasons stated in the main body of this opinion. Using such a formula is no more complicated than the methods used to divide other assets by formula when the value is unknown. For example, in many cases the issue of dividing a pension through a Qualified Domestic Relations Order is accomplished without having a value placed on the pension as of the settlement date. Proceeds of closings, depending on sales prices that have not been determined and affected by as yet unknown *861 closing costs, are routinely awarded by percentage.
Of course, the amount of a contingency fee is much more speculative. Defendant himself can only opine a wide range of value on the fee he hopes to achieve. This method is also subject to defendant's honesty and good will in reporting the total hours spent, only spending necessary and reasonable hours, and prosecuting the contingency case in a timely fashion. Parties are always expected to act with integrity in following an Order of the court.
A post-judgment motion can raise any valid concerns held by plaintiff about defendant's adherence to the formula. To facilitate the execution of this Order, defendant is to provide an accounting of this contingency matter. Although attorneys do not usually keep time records in contingency cases, such records can be reconstructed by an examination of the firm's file and supporting records. Defendant is to prepare an affidavit of hours and expenses incurred to date and serve it upon plaintiff within sixty days. He is to update it every sixty days thereafter until the contingency case is concluded and the fee disbursed. He is to give plaintiff thirty days' notice of any intent to disburse any part of the counsel fee, to give her an opportunity to object, via a motion.