NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Matter of:

NATALIA BACHRACH, *Petitioner/Appellee*,

*v.*

RANDOLPH G. BACHRACH, *Respondent/Appellant*.

No. 1 CA-CV 16-0440 FC
FILED 4-25-2017

Appeal from the Superior Court in Maricopa County
No. FC2014-094995
The Honorable Laura M. Reckart, Judge

**AFFIRMED IN PART; VACATED IN PART; REMANDED**

COUNSEL

Scott L. Patterson, P.L.L.C., Tempe
By Scott L. Patterson
*Counsel for Petitioner/Appellee*

Berkshire Law Office, PLLC, Phoenix
By Keith Berkshire, Erica Gadberry
*Counsel for Respondent/Appellant*

---

**MEMORANDUM DECISION**

Judge Lawrence F. Winthrop delivered the decision of the Court, in which Presiding Judge Randall M. Howe and Judge Jon W. Thompson joined.

---

**W I N T H R O P**, Judge:

¶1   Randolph G. Bachrach ("Husband") appeals from a decree dissolving his marriage to Natalia Bachrach ("Wife"). Husband contends the trial court erred in (1) finding the community's interest in his contingency fee earnings ended on the date the decree was entered; (2) finding Wife's artwork had no monetary value and awarding it all to Wife; and (3) awarding Wife $1,250 per month in spousal maintenance for ten years, which was more than Wife requested. For the reasons stated below, we affirm the allocation of the artwork, but vacate the orders pertaining to the community interest in Husband's contingency fee earnings and the spousal maintenance award.

**FACTS AND PROCEDURAL HISTORY**

¶2   During the parties' fifteen-year marriage, Husband worked as an attorney, and Wife was not employed outside the home. Wife received an associate degree in art and created over twenty original paintings. At the time of the trial, Wife was working as a teacher's assistant at an elementary school. Wife requested spousal maintenance of $2,000 per month for five years. Husband maintained a law office and was working on a few cases, although he claimed to be winding down his practice due to health issues.

¶3   Relevant to this appeal, the trial court awarded the community an interest in Husband's contingency fee earnings as of the date the decree was entered, May 27, 2016. The court specifically rejected Husband's argument that the community interest terminated on the date the petition was served, September 8, 2014. The court also awarded all the paintings to Wife, finding they had no fair market value. Finally, the court awarded Wife spousal maintenance of $1,250 per month for ten years. Husband filed a timely notice of appeal from the decree. We have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") section 12-2101(A)(1) (2016).

## ANALYSIS

### I.    Community Interest in Husband's Contingency Fees

¶4        During the marriage, Husband handled or had an interest in some contingency fee cases that had not been finally resolved at the time Wife filed for dissolution.  Husband does not dispute that the community has some interest in the fees that were earned but not yet received before the petition for dissolution was served.  Husband contends the trial court erred in concluding the community interest in the contingency fee earnings terminated on the date the decree was entered because, by statute, the community terminated on the date the petition was filed.  *See* A.R.S. §§ 25-211(A)(2) (2017) and 25-213(B) (2017).[1]

¶5        The separate or community characterization of property, or earnings in this case, is a question of law we review *de novo*.  *Schickner v. Schickner*, 237 Ariz. 194, 199, ¶ 22, 348 P.3d 890, 895 (App. 2015).  Pursuant to A.R.S. §§ 25-211(A)(2) and 25-213(B), property (including earnings) acquired after service of a petition for dissolution, legal separation, or annulment is separate property if the petition results in a decree.  However, the trial court concluded the community's interest in the contingency fee earnings terminated on the date the decree was entered.  In reaching this conclusion, the court cited *Mori v. Mori*, 124 Ariz. 193, 196, 603 P.2d 85, 88 (1979) (citing *In re Marriage of Goldstein*, 120 Ariz. 23, 24, 583 P.2d 1343, 1344 (1978)).  At the time *Mori* was decided, the community terminated as of the date the decree was entered.  However, A.R.S. §§ 25-211 and 25-213 were subsequently amended in 1998 to provide that property acquired after service of a petition for dissolution of marriage that results in a decree is not community property.  *See* 1998 Ariz. Sess. Laws, ch. 280, §§ 3, 4 (2d Reg. Sess.).  Pursuant to the current statutes, the community interest in Husband's contingency fee earnings must therefore be calculated in light of the date the petition for dissolution was served, *i.e.*, September 8, 2014.

¶6        In a similar case, *Garrett v. Garrett*, 140 Ariz. 564, 568, 683 P.2d 1166, 1170 (App. 1983), this court held "the attorney's services performed

---

[1]        Wife argues Husband waived this objection because he did not file a motion for reconsideration or modification.  The trial court stated that if the parties disagreed with its ruling on the community termination date, "they are free to file for reconsideration or modification."  However, the rules of procedure do not require Husband to file these motions to preserve the issue for appeal because he previously argued the date of service applied.  Accordingly, Husband did not waive this argument.

during the marriage in fulfillment of the contract are community property and the community is entitled to what the percentage of the time expended as community labor bears to the [total] time expended in reaching the ultimate recovery." In addition, the court may consider "the amount of time expended before and after the dissolution, how that time was expended, the settlement history of the case, and any other relevant factor as may bear on the equitable division of this community asset." *Id.* at 570-71, 683 P.2d at 1172-73. However, at the time *Garrett* was decided, the previous versions of §§ 25-211 and 25-213 were in effect. Therefore, in *Garrett*, the community terminated on the date of the decree, not the date the petition was served. Although *Garrett* provides a framework for determining the extent to which contingency fee earnings are a community asset, the courts must apply the current statutes in calculating the community's interest.

¶7        Here, the trial court used an incorrect date in calculating the community interest in Husband's contingency fee earnings. Pursuant to A.R.S. § 25-211(A)(2) and 25-213(B), that calculation must acknowledge the termination of the community as of the date of the service of the petition for dissolution. The court can, at the appropriate time, use the *Garrett* factors to calculate the community interest, if any, in any such contingency fee. Accordingly, we vacate the current order awarding the community an interest in the post-petition contingency fees earned in the Walters, Bilyeu, Preciado, and condominium water damage cases[2] and remand for the entry of a revised order (and further proceedings as necessary to calculate the percentage of any such fee earned by the community) using the correct termination date for the community.

        II.    *Wife's Artwork*

¶8        Wife created several paintings during the marriage that the parties attempted to sell in a gallery, at art shows, and through a website. Ultimately, no paintings sold and more than twenty paintings remain in the parties' possession. The parties declined to obtain any formal appraisal; instead, Wife testified that in her opinion, the paintings were worth $1,500 each, and Husband claimed they were worth $5,000 each. The trial court considered these statements along with the fact that, despite best efforts,

_____

[2]    Husband did not challenge the allocation of fees in the Esguerra case. We further note that, in the condominium water damage case, the family court found Husband was not retained until after the petition for dissolution was served. Accordingly, as to that case, any fees to be earned are Husband's sole and separate property.

none of the paintings had been purchased by anyone. The trial court therefore concluded the paintings had no fair market value and awarded all the paintings to Wife as a fair and equitable allocation of personal property.

¶9 Husband argues the trial court erred in finding the paintings had no monetary value and awarding them all to Wife. Husband contends he should have been permitted to purchase the paintings from Wife for $1,500 each. Husband argues the valuation is subject to *de novo* review because the court applied an erroneous valuation method. However, "[t]he valuation of assets is a factual determination that must be based on the facts and circumstances of each case." *Kelsey v. Kelsey*, 186 Ariz. 49, 51, 918 P.2d 1067, 1069 (App. 1996). This factual determination will not be disturbed unless it is clearly erroneous. *Walsh v. Walsh*, 230 Ariz. 486, 490, ¶ 9, 286 P.3d 1095, 1099 (App. 2012). "We view the evidence in the light most favorable to upholding the decision[.]" *Id.*

¶10 Although the parties claimed the paintings had value, none of the paintings ever sold. Except for two paintings hung in Husband's office, the paintings were in storage. Based on this evidence, the parties' valuation of the paintings was, at best, highly speculative, and the trial court did not abuse its discretion in discounting or rejecting it. These items were properly treated as personal property and not a valuable community asset. Wife created the artwork; therefore, awarding it to her was fair and equitable and not an abuse of discretion.[3] *See In re Marriage of Flower*, 223 Ariz. 531, 535, ¶ 14, 225 P.3d 588, 592 (App. 2010) (stating "the court may consider other factors that bear on the equities of a particular case" in equitably dividing community property).

¶11 Husband contends the trial court should have permitted him to purchase the paintings at $1,500 each as a "realizable benefit" to the community or to "maximize the parties' interest in the sale proceeds." Although Husband offered to buy the paintings, his offer was contingent on "getting the money some day [sic] to pay for it." Husband claimed he had no money to pay spousal maintenance and has a $36,000 annual income, so his offer to buy tens of thousands of dollars' worth of artwork was illusory. The court did not abuse its discretion.

---

[3] Having upheld the finding that the artwork had no monetary value, we need not address Wife's argument that the overall property allocation was fair because Husband received woodworking equipment of an equivalent value.

### III.  Spousal Maintenance Award

**¶12**        Husband contends the trial court erred when it awarded Wife spousal maintenance for ten years because Wife only sought a five-year award.  Husband also argues the trial court erred in awarding $1,250 per month.  "We review an award of spousal maintenance under an abuse of discretion standard."  *Leathers v. Leathers*, 216 Ariz. 374, 376, ¶ 9, 166 P.3d 929, 931 (App. 2007).

**¶13**        The trial court attributed monthly earnings of $3,000 per month to Husband and $1,390 per month to Wife.  Therefore, after factoring in spousal maintenance, Husband's net monthly income is $1,750 and Wife's monthly income is $2,650.  In determining the amount of the award, the trial court was required to consider the factors listed in A.R.S. § 25-319(B) (2017).  The decree contains findings regarding many of these factors, but the court appears to have overlooked some relevant factors.  Husband argued the court did not consider his inability to pay the amount of support ordered.  *See* A.R.S. § 25-319(B)(4) (stating the court shall consider the ability of the payor spouse to meet his needs while paying support).  In addressing this factor, the court stated, "[Wife] lacks [the] skills and employability to meet her financial needs and that of her Child given the greater responsibility she assumes over the Child."  Thus, the court did not consider *Husband's expenses* in considering this factor despite there being evidence presented.  It may be an abuse of discretion for the court to fail to apply one of the applicable statutory factors about which the parties presented evidence.  *Cullum v. Cullum*, 215 Ariz. 352, 355, ¶ 15, 160 P.3d 231, 234 (App. 2007).

**¶14**        Additionally, it does not appear the court considered that Wife will receive a $17,000 payment from one of Husband's contingency fee cases (Esguerra) and may receive additional fees in the future, once Husband's pending cases are completed.  *See* A.R.S. § 25-319(B)(9) (stating the court shall consider "[t]he financial resources of the party seeking maintenance, including marital property apportioned to that spouse, and that spouse's ability to meet [her] needs independently").  The court did not refer to these payments in considering this factor.

**¶15**        Finally, Wife testified that she has an associate degree from a local community college and wants to obtain a bachelor degree to help her get a better job.  Nothing in the record suggests Wife requires ten years to further her education.  Additionally, the ten-year period does not correlate to Wife's retirement age or the year the parties' child is expected to finish his education.  Wife estimated that she required five years of support.  In

short, the record does not support the trial court's finding that Wife requires ten years of support.

¶16        Although the trial court has discretion to determine an appropriate spousal maintenance award, that decision must be based on evidence in the record. *In re Marriage of Hinkston*, 133 Ariz. 592, 594, 653 P.2d 49, 51 (App. 1982). The record does not support the spousal maintenance ordered by the trial court. Accordingly, we vacate the award of spousal maintenance and remand for reconsideration in light of all the statutory factors and evidence presented.[4]

*IV.        Attorneys' Fees and Costs on Appeal*

¶17        Both parties request an award of attorneys' fees and costs on appeal pursuant to A.R.S. § 25-324 (2017). Finding neither party took unreasonable positions on appeal and lacking current information about the parties' relative financial circumstances, we decline to award attorneys' fees on appeal. As the overall successful party on appeal, Husband is entitled to his costs pursuant to A.R.S. § 12-342 (2016).

**CONCLUSION**

¶18        We vacate the allocation of Husband's contingency fee earnings, except for the Esguerra case, and vacate the award of spousal maintenance. We remand these issues for reconsideration consistent with this decision. We affirm the allocation of the artwork. Husband is awarded costs on appeal upon compliance with Arizona Rule of Civil Appellate Procedure 21.



AMY M. WOOD • Clerk of the Court
FILED:  AA

---

[4]        Having determined the evidence did not support the amount or duration of spousal maintenance, we need not consider Husband's due process argument.