NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

AMAR LAW GROUP PLLC, *Plaintiff/Appellant*,

*v.*

MICHAEL J. GOODMAN, et al., *Defendants/Appellees*.

No. 1 CA-CV 24-0299

FILED 02-27-2025

---

Appeal from the Superior Court in Maricopa County
No. CV2023-004647
The Honorable Dewain D. Fox, Judge

**AFFIRMED**

---

COUNSEL

Himmelstein & Adkins, LLC, Scottsdale
By Ben J. Himmelstein, Erik D. Smith
*Counsel for Plaintiff/Appellant*

Coppersmith Brockelman PLC, Phoenix
By John C. Kelly, Andrew T. Fox
*Counsel for Defendants/Appellees*

## MEMORANDUM DECISION

Judge Samuel A. Thumma delivered the decision of the Court, in which Presiding Judge Kent E. Cattani and Judge Angela K. Paton joined.

**T H U M M A**, Judge:

¶1        Plaintiff Amar Law Group (ALG) appeals from the dismissal, for failure to state a claim, of its unjust enrichment claim against defendants Goodman Lemon Law, PLLC (GLL) and Michael J. and Jane Doe Goodman. ALG also challenges an award of attorneys' fees and costs to defendants. Because ALG has shown no error, the rulings are affirmed.

### FACTS AND PROCEDURAL HISTORY

¶2        Michael Goodman worked as an associate at ALG for a few years with a verbal employment agreement that did not include any fee-splitting. Goodman was paid a $100 bonus for each client that retained ALG after Goodman spoke with them. In December 2020, Goodman resigned from ALG and, in January 2021, formed GLL.

¶3        As relevant here, Goodman represented 31 clients at ALG pressing pre-litigation Lemon Law claims arising out of car purchases. Those clients left ALG and retained Goodman at GLL. ALG's Attorney-Client Prelitigation Agreements (Engagement Agreements) with these individuals set forth the terms of the engagement, including emphasizing that the clients would never pay ALG for legal services:

> **You will not be charged any attorneys' fees by [ALG] for the out of court representation. All of our attorneys' fees are sought from the car company** . . . Attorneys' fees for pre-litigation representation are a flat fee of $4,000. Under the Lemon Law, this entire fee will be requested from [the relevant car company] as part of any settlement . . . **If the case does not settle out of court, you will not owe [ALG] any attorneys' fees.**

¶4        When Goodman left, ALG and Goodman jointly sent Notices to these 31 clients allowing them to stay with ALG, for "Goodman to continue to represent me" or to find another attorney. The 31 ALG clients, whose claims had not yet been resolved, elected to have Goodman continue to represent them at GLL.[1]

¶5        The transition of these 31 clients from ALG to Goodman/GLL apparently proceeded without incident for a time, but ultimately resulted in this litigation. For these 31 clients, ALG alleges "[u]pon information and belief, [GLL] received attorneys' fees from the manufacturers or clients regarding each of these cases." ALG asked defendants to pay it "for the legal work ALG performed on each case," as well as client acquisition costs, and to provide an accounting. Defendants declined those requests.

¶6        More than two years after Goodman left ALG and the 31 clients elected to have Goodman continue to represent them at GLL, ALG filed this case. As amended, ALG's complaint asserts one claim for unjust enrichment, seeking recovery of client acquisition costs, compensation Goodman was paid while at ALG and "the attorneys' fees from the transferred cases." ALG also requested an award of attorneys' fees and costs. *See* A.R.S. §§ 12-341 and -341.01 (2025).[2]

¶7        Defendants moved to dismiss for failure to state a claim, arguing the unjust enrichment claim fails given: (1) the existence of, and terms in, the written agreements and (2) it "rests entirely upon an alleged attorneys' lien that does not exist as a matter of law." After briefing and oral argument, the court granted the motion. The court later awarded Goodman $42,375 in attorneys' fees and $314.89 in taxable costs. This court has jurisdiction over ALG's timely appeal from the final judgment under A.R.S. §§ 12- 120.21(A)(1) and 2101(A)(1).

---

[1] The Engagement Letters and Notices were not attached to the complaint, but the parties attached them to their briefing on the motion to dismiss without objection and the superior court's ruling referenced the documents. Neither party argues on appeal that these documents required the court to convert the motion to dismiss into a motion for summary judgment. *See* Ariz. R. Civ. P. 12(d).

[2] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

**DISCUSSION**

¶8            To prevail on a motion to dismiss for failure to state a claim, the moving party must establish the claimant would not be entitled to relief under any set of facts susceptible of proof. *Fidelity Sec. Life Ins. v. State*, 191 Ariz. 222, 224 ¶ 4 (1998) (citing cases). This court reviews de novo an order dismissing a complaint for failure to state a claim, *Coleman v. City of Mesa*, 230 Ariz. 352, 355 ¶ 7 (2012), accepting "as true the facts alleged in the complaint," *Fidelity Sec.*, 191 Ariz. at 224 ¶ 4 (citing cases).

**I.       The Nature of ALG's Claim.**

¶9            Claims ALG does ***not*** assert provide context for whether ALG's unjust enrichment claim is actionable. ALG cites contingent fee cases where compliance with the contingency has been frustrated in arguing that ALG may press a quantum meruit claim for the value of its services. *See, e.g.*, *State Farm Mut. Ins. v. St. Joseph's Hosp.*, 107 Ariz. 498, 502 (1971) (citing cases) (noting, in that circumstance, the "attorney generally has a remedy only ***against the client*** for the value of his service") (emphasis added); *Schwartz v. Schwerin*, 85 Ariz. 242, 245 (1959) (citing authority) (addressing a claim where, unlike this case, the attorneys' fee "is not fixed by an agreement between" the attorney and the client); *Garrett v. Garrett*, 140 Ariz. 564, 567 (App. 1983). In this case, however, ALG is not suing its former clients for quantum meruit or otherwise. Nor are the cases ALG cites from other jurisdictions, including those that do not address unjust enrichment, persuasive or binding here.

¶10          ALG has never pressed any breach of contract claim against defendants. ALG's original complaint included counts for "tortious interference with attorney-client relationship" and breach of fiduciary duty. After defendants informally argued to ALG that the tortious interference and fiduciary duty claims were time barred and lacked merit, ALG amended its complaint to drop those claims, leaving only the unjust enrichment claim addressed here.

¶11          As pled, ALG's unjust enrichment claim does not allege that ALG had a charging lien for the amounts it seeks. Instead, ALG argues that no charging lien was required. In doing so, however, ALG appears to conflate a claim seeking quantum meruit against former clients (which ALG does not press here) and the unjust enrichment claim it makes against defendants. *See Landi v. Arkules*, 172 Ariz. 126, 135 (App. 1992) (citing authority) (noting, under Arizona law, "[q]uantum meruit is actually a measure of damages, not a remedy"). Moreover, ALG's failure to secure a

4

charging lien does not, somehow, mean that ALG's unjust enrichment claim is viable. And ALG's stated concern "that the former client pays twice" is not at issue because ALG is not pressing any claims against its former clients. Finally, no case cited by ALG involves a retainer agreement expressly stating the client will never owe any attorneys' fees, like ALG's Engagement Agreements here.

¶12     With this important context, the issue is whether ALG's unjust enrichment claim against these defendants is actionable.

## II.     ALG Failed to Allege an Actionable Unjust Enrichment Claim.

¶13     To prevail on a theory of unjust enrichment, a plaintiff must establish: (1) a cognizable enrichment to the defendant; (2) a cognizable impoverishment to the plaintiff; (3) a connection between the enrichment and impoverishment; (4) absence of justification for the enrichment and impoverishment and (5) absence of a remedy provided by law. *Freeman v. Sorchych*, 226 Ariz. 242, 251 ¶ 27 (App. 2011) (citing cases); *see also Trustmark Ins. v. Bank One*, *Ariz.*, 202 Ariz. 535, 541 ¶ 31 (App. 2002) ("Unjust enrichment occurs when one party has and retains money or benefits that in justice and equity belong to another.") (citing cases).[3]

¶14     ALG argues defendants "directly benefited from, and ALG was impoverished by, the uncompensated transfer of the clients because ALG collects no fees until the client's matter is finally resolved." ALG further argues Goodman was enriched by ALG's legal work for the transferred clients "by collecting and not sharing fees that in good faith and conscience are owed to ALG." A cognizable unjust enrichment claim seeks redress for enrichment to **the defendant**, not to third parties like the clients here. *See USLife Title Co. of Ariz. v. Gutkin*, 152 Ariz. 349, 354 (App. 1986); *accord Physicians Surgery Ctr. of Chandler v. Cigna Healthcare Inc.*, 609 F. Supp. 3d 930, 939-4 (D. Ariz. 2022) (granting motion to dismiss similar unjust

---

[3] ALG also sought client acquisition costs and Goodman's salary while working at ALG. Such costs could not ethically be recovered under contract. *See, e.g.,* Ariz. Ethics Op. 19-0006 (prohibiting contractual fee to be paid by departing associate "for each instance in which the departing associate continued to represent a law firm client"); *Levine v. Haralson, Miller, Pitt, Feldman & McAnally, PLC*, 244 Ariz. 234, 237 ¶ 8 (App. 2018) (citation omitted) ("[E]quitable relief is not available when recovery at law is forbidden because the contract is void as against public policy."). ALG has not shown that equity properly could be used to recover costs that ethically cannot be recovered under contract.

enrichment claim where the claim "contemplate[d] a triangle of benefits and detriments that are not grounded in case law.").

¶15 ALG also argues Goodman's "enrichment at the expense of ALG is not justified" because it allows Goodman "to keep an unreasonable and impermissible fee in derogation of ALG's quantum meruit rights to an equitable fee division based on the percentage of legal work done by ALG." Not so. "The mere fact that one party confers a benefit on another . . . is not itself sufficient to require the other to make restitution. Retention of the benefit must be unjust." *Pyeatte v. Pyeatte*, 135 Ariz. 346, 353 (App. 1983).

¶16 The Engagement Agreements provide that ALG's clients who later retained defendants would never be charged attorneys' fees by ALG and would never be responsible to pay attorneys' fees to ALG. The Notices ALG and Goodman jointly sent informed the clients they were free to select any counsel, including Goodman, without advising of any financial consequence for such an election. It is not unjust to hold ALG to the terms of its contracts. *See Zambrano v. M & RC II, LLC*, 254 Ariz. 53, 58 ¶ 10 (2022) ("[C]ourts will not refuse to enforce a contract merely because one party made a bad deal, even when the terms are harsh.") (citing cases).

¶17 For these reasons, ALG fails to allege an actionable unjust enrichment claim against defendants. Accordingly, the superior court did not err in granting defendants' motion to dismiss.

## III. The Superior Court Properly Awarded Defendants Attorneys' Fees Under A.R.S. § 12-341.01.

¶18 The superior court awarded Goodman $42,375 in attorneys' fees pursuant to A.R.S. § 12-341.01. ALG argues that was error because its unjust enrichment claim was based on duties implied by law, not a "contested action arising out of [a] contract, express or implied." A.R.S. § 12-341.01(A).

¶19 "Arizona courts have broadly interpreted what types of transactions are included within" the "arising out of a contract" provision of A.R.S. § 12-241.01. *Marcus v. Fox*, 150 Ariz. 333, 334 (1986) (citing cases). This broad application allows fee shifting under A.R.S. § 12-341.01 even when a plaintiff and defendant have no express contract with each other as well as for unjust enrichment claims. *See Schwab Sales, Inc. v. GN Const. Co.*, 196 Ariz. 33, 37 ¶¶ 12-13 (App. 1998) (citing cases). Here, ALG's claim against defendants arose out of: (1) ALG's contracts with the clients; (2) ALG's employment contract with Goodman and (3) Goodman's contractual representation of the clients. Indeed, ALG's operative complaint seeks an

award of fees under A.R.S. § 12-341.01. Accordingly, the superior court properly concluded this matter arises out of contract under A.R.S. § 12-341.01. *Id.*

**¶20**    ALG next argues the superior court failed to consider whether ALG's "walkaway" settlement offer was more favorable than granting a motion to dismiss. Although the court did not expressly state whether the offer was more favorable, the court is presumed to know and correctly apply the law, *see State v. Lee*, 189 Ariz. 608, 616 (1997), and to consider all the evidence properly before it, *see Fuentes v. Fuentes*, 209 Ariz. 51, 55 ¶ 18 (App. 2004).

> If a written settlement offer is rejected and the judgment finally obtained is equal to or more favorable to the offeror than an offer made in writing to settle any contested action arising out of a contract, the offeror is deemed to be the successful party . . .

A.R.S. § 12-341.01(A). After briefing was complete on the motion to dismiss, but before the court's ruling, ALG offered to dismiss the litigation with prejudice, with each party bearing its own fees and costs, asking defendants to prepare settlement documents and a dismissal order.

**¶21**    That offer, which was not accepted, would have favored ALG by pushing to defendants the cost of preparing settlement documents and waiving its rights to seek fees and costs. Pursuing the motion to dismiss, defendants did not incur that cost and retained their right to seek fees and costs. On this record, ALG has failed to show that the superior court could not conclude the judgment defendants obtained was more favorable than the offer ALG made. Accordingly, the court correctly found defendants were the successful parties under A.R.S. § 12-341.01(A) and in awarding them attorneys' fees.

## ATTORNEYS' FEES ON APPEAL

**¶22**    Defendants request attorneys' fees and costs incurred on appeal pursuant to ARCAP 21 and A.R.S. §§ 12-341.01, -349 and -341. Defendants are the successful parties on appeal. Accordingly, the court awards defendants their taxable costs incurred on appeal under A.R.S. § 12-341 and, in the court's discretion, awards defendants reasonable attorneys' fees incurred on appeal under A.R.S. § 12-341.01, contingent upon their compliance with ARCAP 21. To the extent defendants seek fees and costs on any other grounds, that request is denied.

## CONCLUSION

¶23        The judgment is affirmed.



**MATTHEW J. MARTIN • Clerk of the Court**
**FILED**:     JR